RUCKMAN vs. RANSOM.

1. If arbitrators refer any point to judicial inquiry, by spreading it on the face of the award, and they mistake the law in a palpable and material point, their award will be set aside. But, in general, being the chosen judges of the parties, they are judges of the law as well as of the facts, and are not bound to award on mere dry principles of law, but may do so according to the principles of equity and good conscience.

2. Courts will not compel arbitrators to disclose the grounds of their judgment, nor disturb their decisions when made, except upon very cogent reasons.

The motion to dissolve was argued upon bill and answer before the Vice-Chancellor.

*Mr. J. F. McGee* and *Mr. Ransom*, for motion.

*Mr. Dixon*, contra.

THE VICE-CHANCELLOR.

Upon the bill in this cause an injunction issued, restraining the defendant from the collection of a judgment in the Supreme Court on an award made by Joel Parker, arbitrator. The award was for $5011.13, to be paid Stephen B. Ransom by Elisha Ruckman, together with $63, one-half the arbitration expenses and fees. The matters in difference were professional services by Ransom as attorney and counsel, through several years, in numerous suits in the various courts, civil and criminal, of this state, and for his disbursements therein. Ruckman did not attend upon the arbitrator, though duly notified. In the action at law on the award, various de-

fences were raised and overruled, judgment being rendered against him in the Supreme Court and affirmed in the Court of Errors : one of these defences being that the arbitrator had exceeded his jurisdiction in making the award ; that matters were embraced in it occurring after the submission and not within his powers. This did not appear on the award itself, but was attempted to be shown by parol. This attempt was overruled, on the ground that the error complained of could be remedied in equity only, and not at law.

The bill seeks this relief: and upon answer filed and motion to dissolve, the points made by complainant relate to certain taxed bills of costs, alleged to have been included in the award by the arbitrator under a mistake of law and in excess of jurisdiction. Eight bills of costs had been taxed against Ruckman in the Oyer and Terminer of Bergen, and applications being made by Ransom, his attorney, for re-taxation, the present controverted bills were taxed in these several applications. The submission was made August 30th, 1869. The applications were made prior to that date, but the costs were not taxed till November 1st, 1869. Copies of them were served on Ruckman on the 15th, and the hearing before the arbitrator begun on the 30th of that month. The award was made in January following, and in April following the Court of Oyer and Terminer, on Ruckman's application, held the bills to be unauthorized by law.

The insistment is, that these bills were allowed by the arbitrator under the mistaken idea that they were lawful ; and though the applications were made and the professional services rendered before the submission, yet the bills themselves were subsequently taxed, and the items in them of taxation fees being necessarily later than the submission, could not be considered by the arbitrator or allowed in the award.

The answer admits the offering of the bills, but asserts that the services and disbursements covered by them were shown by other proofs to have been rendered and made. That the defendant does not know and has not been informed, and cannot tell to what extent the arbitrator allowed them, or whether

as a legal claim or not. That the claims which he made amounted in all to $5500, or thereabouts, nearly $500 more than the amount of the award. The particulars of these claims are set forth in the answer, which, upon these points and upon the evidence that was produced at the hearing, are sufficiently responsive to the bill.

The doctrine is, that if arbitrators refer any point to judicial inquiry by spreading it on the face of the award, and they mistake the law in a palpable and material point, their award will be set aside. But, in general, being the chosen judges of the parties, they are judges of the law as well as of the facts, and are not bound to award on mere dry principles of law, but may do so according to the principles of equity and good conscience. Nor will courts compel them to disclose the grounds of their judgment, nor disturb their decisions when made, except upon very cogent reasons. 2 *Story's Eq.*, §§ 1454, 1455, 1457.

What the arbitrator thought or did in regard to these bills, does not appear. The defendant has disclosed what claims he produced, and among them the eight bills in question. Whether the arbitrator thought them lawfully taxed and allowed them in full or in part, or whether he relied upon the fact that the services had been given and the moneys expended, and awarded what he considered equitable and just, does not appear, nor is he bound to declare. It is not permissible to impute to him any mistake of law or any intention to base his conclusion on strictly legal grounds. But he had a right also to adjudge upon the legality of the bills, and his judgment, if wrong, would not vitiate the award.

The objections to the bond and to the affidavit to the answer, referred to at the argument, were understood to be waived, or to be open to correction, as further proceedings might require.

Upon the pleadings and affidavits the injunction must be dissolved.