FRANCES D. HELD, ADMINISTRATRIX AD PROSEQUEN-
DUM OF ROBERT HELD, DECEASED, PLAINTIFF, v.
COMFORT BUS LINE, INC., DEFENDANT.

Argued February 7, 1948—Decided February 11, 1948.

Before Justice HEHER, at the Passaic Circuit.

For the motion, *Oscar R. Wilensky.*

*Contra, John W. McGeehan, Jr.*

HEHER, J.   Pursuant to agreements made under *R. S.*
2:40–1, *et seq.,* there were submitted to arbitration the matters
in difference between the parties hereto and the parties to
twenty-one other personal actions in tort for negligence insti-
tuted against the defendant corporation arising from the fall
of a bus into the Passaic River while the vehicle was in opera-

tion on the Market Street bridge between the City of Passaic and the Borough of Wallington. There was a rule in each cause directing the submission of the subject-matter to the arbitration of Donald G. Collester, William W. Evans and Thomas E. Duffy in accordance with the arbitration agreement, which was entered of record, and providing that the parties shall be finally concluded by the arbitration in conformity with the submission.

On February 7th, 1948, reports made by the arbitrators in the several causes were submitted to me in open court for confirmation, on notice to all parties. Thereupon, the plaintiff herein moved that confirmation be deferred to afford her an opportunity to apply to the arbitrators for a reconsideration of the award made to her on the sole ground that it is inadequate. There was no objection to immediate confirmation by any other party in interest.

The motion must be denied. Examination of the statute confirms the view I entertained on the oral argument that upon the presentation of the reports for confirmation, the arbitrators lost jurisdiction of the subject-matter. That tribunal thereupon became *functus officio*. The authority of the arbitrators was terminated by the execution and completion of the award; and, in the absence of provision therefor in the statute or in the submission itself, the court has no power, except by the consent of the parties, to recommit the matter to the arbitrators for further action. Where an award is impeached and set aside, the parties are thereby relegated to their original rights and remedies and an action will lie on the underlying demand. This rule has general acceptance. 6 *C. J. S.* 192, 194, 247, 263.

The report or award is impeachable by the express terms of the statute if procured "by corruption or other undue means" (*R. S.* 2:40–2, 2:40–3); and it is conceded that the award here is not assailable upon any ground falling within that category, and that there is no valid reason for denying confirmation. The phrase "undue means" comprehends two other distinct classes of cases—*i. e.,* (1) where the arbitrator meant to decide according to law, and clearly had mistaken the legal rule, and the mistake appears on the face of the

award or by the statement of the arbitrator; and (2) where the arbitrator has mistaken a fact, and the mistake is apparent on the face of the award itself, or is admitted by the arbitrator himself. *Bell* v. *Price, 22 N. J. L.* 578, 590; *Taylor* v. *Sayre and Peterson, 24 Id.* 647; *Leslie* v. *Leslie, 50 N. J. Eq.* 103. Ordinarily, a mistake or error of law or fact is not fatal unless there is a resulting failure of intent or the error is so gross as to suggest fraud or misconduct. Every intendment is indulged in favor of the award; and it is subject to impeachment only in a clear case. In the absence of misconduct or want of good faith on the part of the arbitrator, the mere fact that the award seems excessive or inadequate is not sufficient to warrant judicial interference. *Hewitt* v. *Lehigh and Hudson River Railroad Co., 57 Id.* 511; *West Jersey Railroad Co.* v. *Thomas, 23 Id.* 431. The nature of an impeachable error or mistake is made manifest by the following excerpt from the opinion of Mr. Justice Carpenter in *Bell* v. *Price, supra* (at *p.* 590) : "In a loose sense, the arbitrators may be·said to have fallen into an error or mistake when they have judged wrong upon the evidence before them. But this is not the kind of error or mistake intended, because so far as they have exercised their judgment it is conclusive, though to other minds the result might seem palpably erroneous. The mistake must be of a different character, something which has deceived or misled them, and not a mere mistake in drawing conclusions of fact from observation or evidence."

As to the need for and the legal effect of confirmation of the arbitration award, it is to be observed that by the terms of the statute and the submission, the parties are bound by the arbitration; and if the arbitration is procured by corruption or undue means, it is void and subject to impeachment and annulment by any court of law or equity if complaint of "such corruption or undue practice" be made in the court where the rule for submission is entered within sixty days after publication of the arbitration. *R. S.* 2 :40–1, 2 :40–3. But however this may be, there is no authority in either the statute or the submission for the recommitment of the subject-matter for a rehearing on the merits and a correction of the

award in accordance with new findings. And, even though the power of recommital be implied, it could not be exercised on the showing made here. Plaintiff's dissatisfaction with the *quantum* of the award would not, without more, warrant a remission of the cause for reargument before the arbitrators.

The award is confirmed; and an appropriate order may be entered.