The appellant Company in this proceeding seeks a review and modification of the terms of an arbitration award which fixed wage rates and determined other issues between it and the respondent Union for the contract period commencing July 1, 1948.
The Company is a public utility which manufactures gas in six separate plants represented by various unions. The respondent Union is the bargaining agency for the employees at the Company's Camden Coke and Gas Works. Prior to July, 1947, the Company prepared a job evaluation scale plan which embodied wage progressions. This plan was accepted at the other plants but was rejected by the respondent Union at the Camden plant, resulting in a strike, seizure, and designation of a statutory board of arbitration pursuant to P.L. 1946, c. 38, as amended and supplemented by P.L. 1947, cc. 47 and 75. The issue presented for determination to this board, headed by Mr. Freidin as chairman, concerned "the wage scale to be fixed for the contract year commencing July 1, 1947, and ending June 30, 1948." In February, 1948, the Freidin board rendered its award which directed that the proposed program of job evaluation be embodied in the contract and that a general increase of two cents per hour be incorporated into the base rate.
In April, 1948, the Union submitted twenty-one demands with respect to the proposed contract for the period commencing July 1, 1948, and ending June 30, 1949, including a demand for a thirty cent per hour wage increase, and the Company submitted twelve demands. Thereafter there were negotiations between the parties and, by stipulation dated January 22, 1949, the parties agreed that in the event they failed to reach "full agreement at the expiration of one week, all matters pending in dispute will be submitted to arbitration in accordance with Chapter 38 of the Laws of 1946 as amended and supplemented." They failed to reach agreement and in due course an arbitration board headed by Mr. Gellhorn, as chairman, was designated in accordance with the statutory provisions by the Governor and the parties. The board held *Page 126 
hearings during which the parties presented evidence and argument, the transcript of the proceeding totaled 1,456 pages in addition to exhibits and memoranda, and the board's award, rendered on April 25, 1949, determined all of the issues which then remained in dispute between the parties.
The Union does not object to the award. The Company likewise does not object to part of the award. The Company does, however, voice the following objections: (1) the wage rates fixed by the board eliminate many of the progression steps embodied in the evaluation wage scale plan adopted by the Company and approved by the Freidin board, and (2) the wage rates fixed for the jobs of laborer, helper, laboratory assistant, and delivery helper are allegedly in excess of the amount justified by the evidence. On June 4, 1949, the Company filed a notice of appeal to this court under the terms of R.S. 34:13B-23. However, prior thereto, the Supreme Court had declared that the compulsory arbitration provisions of the act dealing with labor disputes in public utilities were fatally defective because of the absence of standards and that "the entire act must be set aside." See Statev. Traffic Telephone Workers' Federation of New Jersey, 2 N.J. 335,355 (Sup. Ct. 1949). It may be noted that after the Company filed its notice of appeal the Legislature adopted standards but that can be of no concern in this proceeding.P.L. 1949, c. 308.
It may be suggested that in view of the stipulation dated January 22, 1949, the arbitration was a voluntary one and not a statutory compulsory arbitration. If that were so the award would not be subject to attack by direct appeal to this court. Cf.International Association of Machinists, Lodge 1292, Ind., v.Bergen Avenue Bus Owners Association, 3 N.J. Super. 558 (LawDiv. 1949). The award on its face was free from any infirmities and within the issues submitted and there is no charge that it was procured by "corruption, fraud or undue means." R.S.
2:40-19. Contentions that it was not supported by sufficient evidence in the record and that it departed from principles approved in the Freidin award, which related to an earlier contract period and was *Page 127 
not binding on the Gellhorn board, would be unavailable under principles generally applicable to judicial review of voluntary arbitration proceedings. See Held v. Comfort Bus Line,136 N.J.L. 640 (Sup. Ct. 1948); International Association ofMachinists, Lodge 1292, Ind., v. Bergen Avenue Bus OwnersAssociation, supra.
The appellant's position, however, is that the arbitration was not voluntary but was a compulsory arbitration proceeding under the statute. In the light of the express provision in the stipulation that the issues would be submitted to arbitration "in accordance with Chapter 38 of the Laws of 1946 as amended and supplemented," we accept, for present purposes, the soundness of this position. The appellant urges that since the arbitration was compulsory, it is entitled to a review under R.S. 34:13B-23 which, it suggests, should be construed to authorize this court to upset the award to the extent that it is not supported in the record by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See ConsolidatedEdison Co. v. National Labor Relations Board, 305 U.S. 197,229, 83 L.Ed. 126 (1938). In the light of the decision inState v. Traffic Telephone Workers' Federation of New Jersey,supra, setting aside the entire act, including R.S. 34:13B-23, we fail to see how, without violating fundamental principles controlling the exercise of the judicial power, we may presently entertain this appeal thereunder and construe its provisions. The fact that the Supreme Court's decision was rested upon the absence of any statutory standards whatever governing the arbitration board pointedly illustrates the futility and unwisdom of our undertaking a review of the board's action and an exploration of the legislative contemplation of the extent of such review. We are satisfied that whatever legal basis there existed for the taking of the present appeal had earlier been removed by the Supreme Court's decision and that it cannot now be determined.
Appeal dismissed. *Page 128