31 N.J. Super. 466 (1954)
107 A.2d 43
COLLINGSWOOD HOSIERY MILLS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
AMERICAN FEDERATION OF HOSIERY WORKERS, AN UNINCORPORATED MEMBERSHIP ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1954.
Decided July 2, 1954.
*468 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. S. Herman Cohen argued the cause for plaintiff-respondent.
Mr. Abraham L. Friedman argued the cause for defendant-appellant (Messrs. Rothbard, Harris & Oxfeld, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The question to be decided here is, when will a court vacate an arbitrator's award because of error of law on its face?
About August 1, 1950 plaintiff corporation was organized and purchased a mill. Two years later it entered into a collective bargaining agreement with defendant union, agreeing to a two weeks' annual vacation for employees on its payroll for five years or more. The second week of the vacation had to be taken at a time fixed by plaintiff, or in lieu of it, plaintiff could give an extra week's pay; but  the agreement provided  the plaintiff
"must discharge [its] entire obligation for vacation pay arising under the provisions of this contract on or before September 15, 1954."
By September 15, 1954, however, no one would have been on plaintiff's payroll for five years, as plaintiff then would have been in existence for only about four years.
The question, which was submitted voluntarily to arbitration, was, in effect, whether the provision as to a two-week vacation was nugatory, or whether, in computing any employee's five-year period, there should be taken into account *469 time while on the payroll of the company that ran the mill before plaintiff took it over. The arbitrator held such time could be taken into account. The trial court, however, set his award aside, holding the provision for a two-week vacation was nugatory. 28 N.J. Super. 605 (Ch. Div. 1953). Defendant appeals.
It has been said frequently, and may for present purposes be taken to be the law, that an award will be vacated because of an error of law, when it clearly appears from the award or a statement of the arbitrator that he meant to decide the case according to the law. Bell v. Price, 22 N.J.L. 578, 590 (E. & A. 1849), reviewing 21 N.J.L. 32 (Sup. Ct. 1847); Taylor v. Sayre and Peterson, 24 N.J.L. 647, 650 (Sup. Ct. 1855); Ruckman v. Ransom, 23 N.J. Eq. 118, 120 (Ch. 1872); Leslie v. Leslie, 50 N.J. Eq. 103, 108 (Ch. 1892); Eastern Engineering Co. v. City of Ocean City, 11 N.J. Misc. 508 (Sup. Ct. 1933); Hoboken Manufacturers' R.R. Co. v. Hoboken R.R., etc., Co., 132 N.J. Eq. 111, 118 (Ch. 1942), affirmed 133 N.J. Eq. 270 (E. & A. 1943); Held v. Comfort Bus Line, Inc., 136 N.J.L. 640 (Sup. Ct. 1948); International Ass'n of Machinists v. Bergen Avenue, etc., Ass'n, 3 N.J. Super. 558, 566 (Law Div. 1949); Anco Products Corp. v. TV Products Corp., 23 N.J. Super. 116, 124 (App. Div. 1952).
It has been said, too, that a court, in vacating an award on the ground stated, acts by virtue of an authority committed to it by the statute. See N.J.S. 2A:24-8a and a nearly identical phrase in the earlier arbitration act, N.J.S.A. 2:40-2. The decisions rely upon the statutory provision (though, it must be acknowledged, this puts some strain on the words of that provision) requiring the court to set aside an award procured by undue means. Taylor v. Sayre and Peterson, 24 N.J.L. 647, 650 (Sup. Ct. 1855), supra; Held v. Comfort Bus Line, Inc., 136 N.J.L. 640, 641 (Sup. Ct. 1948), supra, and cases citing it; but see Racecourse Betting Control Board v. Secretary for Air [1944], Ch. 114, 119 (Ct. App.); In re Jones and Carter's Arbitration [1922], *470 2 Ch. 599 (Ct. App.). Cf., too, the cases stating that an award may be vacated only on the grounds set forth in N.J.S. 2A:24-8. Deakman v. Odd Fellows Hall Assn., etc., Inc., 110 N.J.L. 304 (E. & A. 1933); Caparaso v. Durante, 132 N.J.L. 16 (Sup. Ct. 1944), affirmed 132 N.J.L., at page 419 (E. & A. 1945); International Ass'n of Machinists v. Bergen Ave., etc., Ass'n, 3 N.J. Super. 558, 565 (Law Div. 1949), supra; Anco Products Corp. v. TV Products Corp., 23 N.J. Super. 116, 123 (App. Div. 1952), supra; Sturges, Commercial Arbitrations and Awards 861 (1930) and cases cited.
In vacating an award on the ground stated, the court seems to act upon the theory that "there is a resulting failure of intent" on the part of the arbitrators; that the mistake has been such as to have "`* * * deceived or misled them * * *.'" Held v. Comfort Bus Line, Inc., 136 N.J.L. 640, 642 (Sup. Ct. 1948), supra; Anco Products Corp. v. TV Products Corp., 23 N.J. Super. 116, 124 (App. Div. 1952), supra; International Ass'n of Machinists v. Bergen Ave., etc., Assn., 3 N.J. Super. 558, 566 (Law Div. 1949), supra. As has been held, the mistake (it would seem the court is speaking of a mistake of either law or fact) which would vitiate the award is one "which, if shown to [the arbitrators], they themselves would admit," Runyon v. Hodges, 46 N.J.L. 359 (Sup. Ct. 1884)  one as to which
"they were so misled or deceived that they did not apply the rules which they intended to apply." Igoe Bros., Inc. v. National Ben Franklin Fire Ins. Co., 110 N.J. Eq. 373, 377 (E. & A. 1932).
As Chief Justice Shaw put it in Boston Water Power Co. v. Gray, 6 Metc. 131, 168, 47 Mass. 131, 168 (Sup. Jud. Ct. 1843), the rule applies to a mistake of law only where "it is manifest that the result does not conform to the real judgment of the arbitrator." See Fudickar v. Guardian Mutual Life Ins. Co., 62 N.Y. 392, 400 (Ct. App. 1875); Sturges, supra, 796, in accord.
*471 The rule is operative only in a narrow situation. Where an arbitrator has meant to decide the case, not according to the law, but according to his own concept as to what is just and right, the court will not interfere. Leslie v. Leslie, 50 N.J. Eq. 103, 108 (Ch. 1892), supra; Eastern Engineering Co. v. City of Ocean City, 11 N.J. Misc. 508 (Sup. Ct. 1933), supra; and cf. other New Jersey cases cited above. So in Hoboken Manufacturers' R.R. Co. v. Hoboken R.R., etc., Co., 132 N.J. Eq. 111, 119 (Ch. 1942), affirmed 133 N.J. Eq. 270 (E. & A. 1943), supra, the arbitrators were asked (as the trial court said) "to decide what the parties intended by the terms of the lease * * *." The Court of Errors and Appeals held  and its words must be read with the opinion below  "the arbitrators did not undertake to be bound by legal principles * * *."
One limitation that has been put upon the rule is pertinent here. The court will not vacate an award unless it is made clear that the arbitrator intended to decide the case according to law. Anco Products Corp. v. TV Products Corp., 23 N.J. Super. 116, 124 (App. Div. 1952); Sturges, supra, 796; Held v. Comfort Bus Line, Inc., 136 N.J.L. 640, 642 (Sup. Ct. 1948), supra, and cases citing it; cf. Brotherton, Inc. v. Kreielsheimer, 8 N.J. 66, 70 (1951). As Dean Sturges points out, it is not to be supposed that the arbitrator, especially if he is a layman, would impose such a restriction upon himself.
Authority will be found for four other limitations. For one thing, it has been held that the award will be vacated only if the arbitrator mistakes the law in some "palpable" point; in other words the award will be sustained if the applicable rule of law is doubtful. We have no occasion here to consider whether the distinction between a clear and an unclear error of law can be made practicable. Bell v. Price, 22 N.J.L. 578, 590 (E. & A. 1849), supra; Fairchild v. Adams, 11 Cush. 549, 563, 65 Mass. 549, 563 (Sup. Jud. Ct. 1853); Sturges, supra, 797. In the second place, the award will be sustained unless it is clear that the arbitrator made *472 a mistake of law; the court will not interfere if he may have stated the law correctly and correctly applied the law as stated. Taylor v. Sayre and Peterson, 24 N.J.L. 647, 650 (Sup. Ct. 1855), supra; Held v. Comfort Bus Line, Inc., 136 N.J.L. 640, 641 (Sup. Ct. 1948), supra, and cases citing it. Third, it has been held that the rule should be confined to a case where it appears that the arbitrator intended to leave his findings on the law open to revision. Ellicott v. Coffin, 106 Mass. 365 (Sup. Jud. Ct. 1871); Sturges, supra, 796; cf. English Arbitration Act, § 21, L.R. 1950 Stat. 449; and cf. other similar statutes, Phillips, Rules of Law in Arbitration, 47 Harv. L. Rev. 590, 614 (1934). In the fourth place, the House of Lords holds that an award will not be vacated under this rule where the sole question submitted to arbitration is one of law  as, for example, a matter such as we have here, a question of construction where the facts are undisputed. Kelantan Government v. Duff Development Co. [1923], A.C. 395, 409; F.R. Absalom, Ltd. v. Great Western, etc., Society [1933], A.C. 592. We need not deal with the four limitations last mentioned.
All such restrictions on the rule are symptomatic of the criticism to which it has been subjected. Hodgkinson v. Fernie, 3 C.B. (N.S.) 189, 202, 205, 140 Eng. Rep. 712, 717, 718 (C.P. 1857); Racecourse Betting Control Board v. Secretary for Air [1944], Ch. 114, 120 (Ct. App.), supra; Note, 38 Cornell L.Q. 391, 416 (1953), urging the New York Court of Appeals to overrule the case on which the rule there is based; Note, 63 Harv. L. Rev. 681, 687 (1950). The rule no doubt may be laid to a court's sensitivity to the unwisdom and injustice that commonly attend the error of law. Indeed, it is unfortunate that the process of arbitration which usually provides an experienced and speedy fact-finding body (whether it is economical or not is a more dubious matter) should be made to shift with a "home-made" substantive law. The process rejects the experience of the law. Some legislative remedies there may be for that, by which the aid of the courts may be enlisted in resolving substantive *473 questions before awards are made. Phillips, supra, 47 Harv. L. Rev. 590. But once an award is made, there should be much reluctance at interfering with it. So far as may be, an arbitration should be an end to litigation, not the beginning of it. Cf. Igoe Bros., Inc., v. National Ben Franklin Fire Ins. Co., 110 N.J. Eq. 373, 377 (E. & A. 1932), supra.
The question presented here under the principles above set forth is whether the arbitrator has by his award indicated an intention to construe the contract as the law would have done. Anco Products Corp. v. TV Products Corp., 23 N.J. Super. 116, 124 (App. Div. 1952), supra. Plainly, he has nothing to say about the matter save this, that in the process of construction he must read, not a few isolated words, but the provision as a whole; that (he injects in his award) is "the well established legal rule of contract interpretation"  and of that there is no doubt. This rule, however, touches only a subsidiary matter. Upon the main question before him, it very well may be  it certainly does not appear clearly to the contrary  that he meant to decide it entirely according to his own notions of what is right.
That being so, his award must be confirmed.
Reversed.