121 N.J. Super. 51 (1972)
296 A.2d 72
CLARK W. BROOKS, PLAINTIFF-RESPONDENT,
v.
PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1972.
Decided October 26, 1972.
*52 Before Judges FRITZ, LYNCH and SEIDMAN.
Mr. Robert N. McAllister, Jr., argued the cause for appellant (Messrs. Valore, McAllister & Westmoreland, attorneys).
Mr. Frederick R. Grayer argued the cause for respondent (Messrs. Kent & Grayer, attorneys).
*53 The opinion of the court was delivered by SEIDMAN, J.S.C., Temporarily Assigned.
Defendant Pennsylvania Manufacturers' Association Insurance Company appeals from so much of an order entered below as vacates part of an arbitration award in plaintiff's favor. The facts are not in dispute. At issue is whether, in arbitration pursuant to the terms of an uninsured motorist provision in an automobile liability policy, a credit is allowable for the present value of an amount which might be payable to the claimant as the result of a pending and undetermined workmen's compensation action.
Plaintiff Clark W. Brooks, a truck driver, sustained bodily injury on June 3, 1970, in Pennsylvania, as the result of a collision with an uninsured vehicle. His employer was covered for both workmen's compensation and automobile liability in a policy or policies issued by defendant.
On December 9, 1970, acting as the workmen's compensation carrier, defendant filed a petition for termination with the Pennsylvania Department of Labor and Industry, Bureau of Workmen's Compensation, claiming plaintiff had suffered no loss in earning power because of his injuries. Challenging the allegations of the petition, plaintiff brought an action for workmen's compensation in the Commonwealth of Pennsylvania. Those proceedings, apparently, are still pending, since, at oral argument, counsel did not advise us otherwise.
In February 1971 plaintiff made a demand for the arbitration of his claim under the uninsured motorist provisions of his employer's liability policy. After a hearing the appointed arbitrator awarded plaintiff $10,000 less these deductions:
a. ONE THOUSAND FOUR HUNDRED SEVENTY-NINE DOLLARS AND FORTY-THREE CENTS ($1,479.43), previously paid by PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY.
b. A credit shall be allowed for the present value of all amounts payable in proceedings presently pending in the Workmen's Compensation Courts of the Commonwealth of Pennsylvania, *54 the exact amount of which is presently unknown, but which will be determined when a final determination in the Pennsylvania proceedings has been made.
Thereafter, plaintiff obtained in the court below an order to show cause why judgment should not be entered confirming the net award of $8520.57, and vacating that portion allowing a credit for the present value of all amounts payable in the workmen's compensation proceeding. The trial judge modified the award by striking therefrom paragraph (b). The remainder was confirmed, and judgment was entered in favor of plaintiff and against the defendant in the sum of $8520.57.
Defendant complains only of that portion of the order which struck the deduction contained in paragraph (b). Two points are urged: (1) the trial judge lacked jurisdiction to vacate that part of the arbitration award, and (2), assuming he had power to do so, the vacation was improper and contrary to the terms of the policy.

I
The grounds for vacating an award made by an arbitrator are limited to those set forth in the Arbitration and Award Act, N.J.S.A. 2A:24-8, the pertinent one of which, contained in subparagraph (a), is where the award "was procured by corruption, fraud or undue means." Neither corruption nor fraud is, of course, involved herein. "Undue means" is explained in Held v. Comfort Bus Line, Inc., 136 N.J.L. 640 (Sup. Ct. 1948):
The phrase "undue means" comprehends two other distinct classes of cases  i.e. (1) where the arbitrator meant to decide according to law, and clearly had mistaken the legal rule, and the mistake appears on the face of the award or by the statement of the arbitrator; and (2) where the arbitrator has mistaken a fact, and the mistake is apparent on the face of the award itself, or is admitted by the arbitrator himself. [at 641-642]
*55 Neither party contends that there was a mistake of fact. Plaintiff's position is that the arbitrator was mistaken as to the law. Defendant, however, urges that the arbitrator intended to decide the case pursuant to the contract provisions, in accordance not only with the law but also with his concept of what was just and right. It has been held that where an arbitrator has meant to decide a case not according to law, but according to his concept of what was just and right, the court will not interfere. Collingswood Hosiery Mills v. American, etc., Workers, 31 N.J. Super. 466, 471 (App. Div. 1954).
We have no doubt that the arbitrator in this case intended to decide the case in accordance with applicable law. There is nothing in the record below to suggest otherwise. Thus, the issue to be considered is whether the arbitrator, as a matter of law, mistakenly allowed a credit for the present value of a prospective future award in a pending workmen's compensation action.

II
In the uninsured motorist coverage portion of the policy involved herein there is a section captioned "Limits of Liability," subparagraph (b) of which, in pertinent part, is as follows:
(b) Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is insured under this Part shall be reduced by

* * *
(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law. [Emphasis added]
It is not clear whether the moneys previously received by plaintiff were paid under the uninsured motorist coverage or as workmen's compensation. However, the deduction of those payments, regardless of their source, is not questioned. What is in dispute is whether the arbitrator's award can *56 further be reduced by the "present value of all amounts payable on account of such bodily injury under any workmen's compensation law" where, as here, the amount, if any, is yet to be determined in the pending workmen's compensation proceedings.[1]
No reported case on the subject in this State has been cited by counsel, and our own research has disclosed none. Plaintiff relies, as he did below, on the cases of Rhodes v. Automobile Ignition Co., 218 Pa. Super. 281, 275 A.2d 846 (Super. Ct. 1971), and Waggaman v. Northwestern Security Ins. Co., 16 Cal. App.3d 571, 94 Cal. Rptr. 170 (D. Ct. App. 1971) Defendant contends that Rhodes is not applicable and that Waggaman is distinguishable. The trial judge, without referring to Waggaman, found Rhodes directly in point and a guiding principle.
We do not agree with the trial judge's concept of Rhodes. That case involved an application for benefits under the workmen's compensation law by a widow whose husband had been struck and killed by an uninsured motorist. She had settled her claim under the uninsured motorist coverage of her husband's liability policy and had given that insurer a subrogation release. The insurer was permitted to intervene in the workmen's compensation proceeding and seek reimbursement of the amount paid to the widow. The *57 referee made an award to the widow and allowed the insurer's claim of subrogation. On appeal the Workmen's Compensation Board affirmed the award, allowed the employer a credit for the amount of the uninsured motorist settlement, and denied the claim of subrogation. The County Court affirmed; but the Superior Court reversed and remanded, holding that the uninsured motorist coverage was in the nature of an accident policy for the benefit of the insured rather than a liability policy covering the uninsured motorist, and that the payment under such coverage was not subject to the subrogation rights a compensation carrier would normally have against a tortfeasor under Pennsylvania law. Consequently, the Board had erred in not allowing the widow to receive the full amount of the workmen's compensation award. The liability carrier was also denied the right of subrogation to the amount awarded because none was accorded by the Workmen's Compensation Act.
Rhodes is clearly not in point. The problem before us does not involve a potential attempt by defendant, as compensation carrier, to seek a credit in the workmen's compensation proceedings for the moneys paid under the uninsured motorist coverage. It is the extent of the defendant's right, as liability carrier, to deduct from an award made under the uninsured motorist coverage, moneys paid or payable as workmen's compensation.
As we noted earlier, the deduction of moneys previously paid to plaintiff is not disputed. Moreover, it is a reasonable assumption that if plaintiff had actually received a workmen's compensation award, payable over a period of time, the determination of the present value of the amount so payable and the deduction thereof from the uninsured motorist coverage award would not have been challenged. However, no award had been made, although a workmen's compensation action was pending. The point at issue is whether, in such case, provision can properly be made for the deduction of the "present value" of an undetermined compensation award.
*58 Waggaman appears to be the only reported case which deals with this issue in depth. In that case plaintiff, who had been injured in a collision with an uninsured vehicle, submitted to arbitration his claim under the uninsured motorist portion of his liability policy. He was awarded $8250 in damages, reduced by $2985 in workmen's compensation benefits previously paid. The arbitrator refused to permit the defendant insurer to offer expert testimony respecting the amount of future workmen's compensation payment Waggaman would be eligible to receive by reason of permanent disability. In his formal award the arbitrator stated that "the present value of all amounts payable" referred to instances where the claimant had already secured an amount which, though fixed and determined, had not yet been paid.
A judgment confirming the award and denying the insurer's petition to vacate it was affirmed. The court, noting that the determinative issue in the case was the meaning of the language "present value of all amounts payable," contained in both the statute and the insurance policy, commented as follows:
There is a distinction between cases where an award has been applied for and made, and those where, as here, the injured party may be eligible for an award, but has not applied for such, or no award has been granted. In the former, there is no problem in determining "the present value of amounts payable", the arbitrator may consult an actuarial table for that purpose. In the latter, the arbitrator is required to predict not only the amount of the award but also its existence, and then apply an actuarial table to his prediction. This procedure would encumber the arbitration proceedings with an inherently speculative trial within a trial.
It is virtually impossible to arrive at an accurate amount which will be paid under permanent disability awards of workmen's compensation when the insured is not yet ratable for permanent disability. * * *
Clearly, the statute requires the damages under uninsured motorist recovery be reduced by the present value of an award under the workmen's compensation procedure when the uninsured motorist coverage so provides.
However, when the phrase "present value of amounts payable" is considered in connection with the situation where an insured may be eligible for benefits but no award has been made, there is an *59 ambiguity. Yet another ambiguity is presented by the silence of the policy as to methods of repayment or reimbursement for benefits still to be fixed. Where there is ambiguity, the court has the duty to construe the uninsured motorist law in favor of the person injured through no fault of his own * * * [94 Cal. Rptr. at 172-173]
The court, agreeing with the arbitrator, concluded that the phrase "amounts payable" referred to vested amounts and not to the sum an expert witness estimates the insured may receive some time in the future if he applies for and receives a disability rating.
Although defendant herein argues that the present case is distinguishable from Waggaman in that there no workmen's compensation action had been instituted, it should be noted that the court, in Waggaman, spoke of cases not only where the claimant had not applied for an award, but also where no award had been granted. It makes little difference whether workmen's compensation proceedings are actually pending, so long as no award has been made. In either case, the problem is how to compute the present value of an undetermined amount.
Hackman v. American Mutual Liability Ins. Co., 110 N.H. 87, 261 A.2d 433 (Sup. Ct. 1970), not cited by counsel, also discusses the problem, though not so thoroughly as Waggaman. The insurer in that case had issued to plaintiff's employer both workmen's compensation and automobile liability policies, the latter containing uninsured motorist coverage with a limit of liability clause identical to the one now before us. In arbitration an award was made to plaintiff, who then petitioned for the entry of judgment. The insurer sought the deduction from the award, not only of moneys it had paid plaintiff as workmen's compensation, but also the estimated amount of future medical expenses and weekly payments. The court held that the insurer was entitled to the deduction of payments made, but not of estimated future payments. It reasoned that the right of the insurer as liability carrier to deduct compensation benefits is limited by the language "present value of all amounts *60 payable." Since the insurer's potential obligation, as compensation carrier, to pay future benefits was undetermined, to permit the insurer as liability carrier to deduct compensation benefits not payable would be contrary to the express terms of the policy.
We are convinced that the reasoning in Waggaman and Hackman is sound and does not offend our well-settled rules for construing insurance policies. It is fundamental that courts will interpret policy language in favor of the insured. Bowler v. Fidelity & Casualty Co. of New York, 53 N.J. 313, 321 (1969). In the case of ambiguity the insurance contract will be construed most strictly against the insurer. Williams v. State Farm Mutual Auto. Ins. Co., 99 N.J. Super. 377, 382 (Law Div. 1968), aff'd 104 N.J. Super. 403 (App. Div. 1969), aff'd 54 N.J. 580 (1969).
Like Waggaman, we find ambiguities in the phrase "present value of amounts payable." Unless it is construed to mean an amount that has been determined but is payable over a period of time, there will be confusion and uncertainty. The use of the words "present value" of an amount payable strongly suggests an amount already fixed or determined. There are obvious difficulties in attempting to estimate or predict the amount of a potential future award. The dilemma is that there may be no award, or, if there is one, it may be greater or less than the estimate.
To provide, as was done in the case before us, merely for the deduction of the present value of the yet to be determined amount, is unsatisfactory. The arbitrators' award is not final but must await the outcome of a workmen's compensation case. It is not clear who, in that event, will determine the present value of the ultimate award, if any, or how a dispute with respect to such calculation is to be resolved. Even then the claimant has the right, in an appropriate case and for the period presented by statute, to seek additional compensation for increased disability. These *61 events and contingencies could deprive the injured person for a long time of moneys to which he is otherwise rightfully entitled.
Defendant's suggestion that the award be paid into court to await the outcome of the workmen's compensation case does not solve the problem; it merely offers a repository for the fund.
We do not share the concern expressed in Waggaman, and voiced by defendant herein, that the claimant may receive double compensation if no provision is made for the deduction of potential workmen's compensation benefits, although, in Waggaman, the court concluded it had no power to do anything about it. If that be the result, the cause is the ambiguity of the policy language, for which the claimant is not to blame. The case of M.F.A. Mutual Ins. Co., v. McKinley, 245 Ark., 326, 432 S.W.2d 484 (Ark. Sup. Ct. 1968), cited by defendant as resolving the issue of double compensation in favor of the insurer, is not in point, because it involved the deduction of workmen's compensation benefits previously paid, not potential and undetermined future benefits.
We hold that the reasonable and sensible interpretation of the policy clause in question is that it refers only to amounts which have been paid or are fixed or determinable at the time of the award.
The judgment below is affirmed.
NOTES
[1] Since the issue has not been raised, we need not consider and decide the enforceability of the clause which provides for the deduction of workmen's compensation benefits paid or payable. It should be noted, however, that there is a conflict of opinion among the reported cases  none from New Jersey  with respect to the legal interpretation to be given such clause. Some cases have upheld the validity of the provision; others have declared it invalid as contrary to statute or public policy. Cases pro and contra are collected in Annotation, "Uninsured Motorist Coverage: Validity and effect of policy provision purporting to reduce coverage by amount paid under workmen's compensation law", 24 A.L.R.3d 1369 (1969). See also 7 Appleman, Insurance Law and Practice (Cum. Supp. 1971), § 4331 at 154; 19 Couch on Insurance 2d, § 82.1:12 at 1076 (1968); Donaldson, "Uninsured Motorist Coverage", 36 Insur. Counsel J. 397, 420-423 (1969).