IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

### AT APRIL TERM, 1851.

---

### HOAGLAND v. VEGHTE.

1. A milldam was erected by the defendant which overflowed land of the plaintiff. By agreement, the defendant was to pay the damages which might result, to be assessed by arbitrators to be chosen by the parties. Three successive arbitraments were had, and awards made. In debt upon the last award, where it appeared upon the face of the award that the arbitrators had allowed damages adjudicated upon in a prior arbitrament being separable, *held* that the award was not therefore wholly void, but that so much as was bad might be rejected, and the rest stand.

2. Every intendment will be made in favor of an award, and the bad will be separated from the good, if possible.

*Held* that parol evidence was properly received of what had been considered on the prior award, in order to show how far such prior award was conclusive, it being either ambiguous or silent; but that such evidence of what occurred under the last award, on which the action was brought, could not be received in order to show excess of power, and thus contradict or explain it.

3. Parol evidence is not generally admissible, in a suit at law on the award or on the arbitration bond, to show by parol excess of jurisdiction.

---

*Certiorari* to Somerset Pleas. Argued before Justices CAR-PENTER and RANDOLPH.

This was an action of debt on award, originally brought in a justice's court by the plaintiff in *certiorari*. The plaintiff

92

recovered before the justice the sum of $77.88, the amount of the award with interest, which on the appeal was reduced to the sum of $64.58.

By an article of agreement under seal, dated 23d July, 1838, it was covenanted between H. V. Hoagland, the plaintiff, and A. Veghte, the defendant, that Mr. Veghte, who was about to construct a mill and to erect a milldam, the dam to be partly on the land of Mr. Hoagland, some of which would be in consequence covered with water, should have permission to enter upon the land for that purpose; that the defendant would pay all the damages which should result from the exercise of the license and authority so given, to be appraised by two disinterested persons chosen by the parties, and in case of their disagreement by an umpire chosen by the arbitrators, whose award, or that of any two of them, should be final and conclusive between the parties.

Two successive. appraisements were made under this agreement by arbitrators chosen by the parties; the first, dated 13th October, 1845, by which the sum of $275 was awarded to Mr. Hoagland; the second, dated 22d October, 1847, by which the further sum of $55.50 was also awarded for damages sustained by the maintenance of the dam subsequent to the first award. These sums were paid accordingly.

Mr. H., supposing he had sustained additional injury subsequent to the second award, the parties again chose arbitrators. The two arbitrators having called in an umpire, and the three so chosen united in an award, dated 2d November, 1849, by which they awarded the further sum of $77.88, to be paid by Mr. Veghte to the plaintiff.

This award specified that a part of the said sum of $77.88 was assessed by them on lands which former arbitrators had valued in their assessment and award at $60 per acre: "We, the present arbitrators, considering and estimating the difference between the interest of said moneys, so assessed and awarded as aforesaid, and the value of the crops which said lands would have produced to the said Hoagland, if not so damaged, to be $15.88; and for all other damages, we do assess the sum of $62.50."

Upon the trial of the appeal, the defendant, who was the appellant, offered and read in evidence the prior awards, and gave parol testimony in order to prove that the arbitrators in this award had given damages for certain matters which had been considered and appraised in the former award, viz. the annual value of certain nut trees, the entire value of which, it was alleged, had been allowed and paid for under a prior award, the trees having been destroyed. This evidence was objected to, and admitted.

The court however, on the appeal, simply deducted the said sum of $15.88 from the amount of the award, and gave judgment for the balance, being the said sum of $62.50, with interest.

*Ransom* and *Field*, for plaintiff.

The court below admitted illegal evidence. It admitted parol evidence of what took place before the arbitrators, in order to show that the last award embraced matters previously adjudicated upon, and to contradict it. This was opening the award, and reviewing the merits upon a retrial.

The common law rules in regard to awards have been fully adopted in this state. Matters extrinsic cannot be pleaded or offered in evidence to defeat an action upon an award or upon the arbitration bond. Indeed the merits cannot be reviewed, even when the submission has been made a rule of court. An arbitrator is a judge of a party's own choice, from whose judgment there is no appeal. *Kyd on Awards* 139, 327, 329, &c.; 1 *Zab.* 33; 5 *Halst.* 7.

The two cases cited from New York are of no authority here. The well understood rule was unsettled in that state by a court chiefly composed of laymen; with how little regard to the rules of law, as previously understood, may be seen by recurring to the opinions reported in the case cited from 7 *Hill* 331.

In some of the states the law stands on very different ground than in this state. Awards are reviewed and set aside upon much the same principles as verdicts; their decisions are therefore not applicable. The parol evidence was certainly inad-

missible, and we are entitled to judgment, at all events, for the sum of $62.50 and interest. But we urge that the award was good for the entire sum.

*G. Brown* and *Vroom*, contra.

The award showed on its face that part was for a matter settled by a prior arbitration, and the court below was right in rejecting so much of the sum awarded.

We contend that the judgment below should be reversed, though for a very different reason than that urged on the part of the plaintiff. The evidence, we contend, showed that the arbitrators awarded upon what was beyond the submission. We paid for the nut trees under a former award, and yet the plaintiff now asks for the annual value of the nuts. We insist that in this they went beyond their authority. 8 *M. & W.* 146; 7 *Serg. & Rawle* 411; 6 *Halst.* 62.

The parol evidence was admissible. We admit that in this action nothing can be pleaded or given in evidence in order to show fraud or mistake, but only that the arbitrators have exceeded the submission. 16 *East* 58; 2 *B. & C.* 170; 2 *Halst.* 428; 7 *Hill* 331; 4 *Denio* 195; 1 *Barbour's S. C. Reports* 335.

The arbitrators were competent witnesses. 1 *C. & P.* 327 and note; *Watson on Arb.* 71 (3d ed. 113); 4 *T. R.* 146; 5 *Taunt.* 454.

CARPENTER, J., delivered the opinion of the court.

Two questions are involved in this case: first, whether the award, or any part of it, is bad on its face; and next, whether parol testimony of what took place at the last arbitration can be admitted in order to show that the arbitrators erred in considering matters not within the scope of the submission. If an excess of power appears on the face of the award, undoubtedly it will be void, either wholly or in part, according as the bad may be separable from the good or otherwise. If inseparable the whole must fall together, though every intendment will be made in favor of an award, and the bad will be separated from the good, if possible. If, therefore, in this case any excess of jurisdiction appears on the face of the award, it will at least be so far void.

Under the agreement between the parties, arbitrators were successively chosen as damages were supposed to have been sustained and their successive awards made. It is on the last award that this action was brought. Parol testimony was received to show what had been considered, and for what damages had been given in the prior arbitraments, the arbitrators being examined for this purpose. So far as those awards were ambiguous or silent, this evidence seems to have been competent and proper. While an award, like a judgment unrevoked and appealed from, is binding and conclusive on the parties, yet in like manner parol evidence is sometimes necessary to show the extent of its application and how far it concludes. *Ravee* v. *Farmer*, 4 *T. R.* 146 ; *Seddon* v. *Tutop*, 6 *Ib.* 608 ; 1 *Grnl. Ev.* § 532 ; *Russel on Arbitration* 445, 458 (*Law Lib. ed.* 1849).

It appears, on the face of the award on which this action was brought, that the arbitrators allowed $15.88 in relation to a matter adjudicated upon in a prior arbitrament. This sum, so allowed, they have distinguished from the damages awarded generally under the submission. Those arbitrators had no authority thus to review the prior award, and, because they supposed the first arbitrators had allowed too small a sum for the value of the land drowned, to award an additional sum. This part of the award then was bad, but, as it was separable, the award was not altogether void. The Common Pleas properly rejected so much of the award, and so far, we think, there is no error in the judgment of that court.

But it was further offered in the court below to show that the arbitrators in the last award had considered and allowed damages in relation to another matter, for which damages had also been given in the prior award. This not appearing on the face of the last award, as in the former instance, one of the arbitrators was sworn, and his testimony received to prove the allegation, thus undertaking to contradict, or at least explain the award on which the action was brought in a matter not ambiguous on its face, by proof extrinsic thereof. In our judgment, this evidence, so offered, was improperly admitted. Under the common law, as understood in this state, in order

to raise this defence, the objection must appear on the face of the award. It is not generally admissible in a suit at law on the award or on the arbitration bond to show by parol an excess of jurisdiction, whatever may be the case on motions to set aside an award, when made a rule of court under the statute. Such was admitted to be the rule in England in *Bean* v. *Farnum* (6 *Pick.* 269, 273,) where it was said that the remedy in such case, or of other gross error or mistake not appearing on the face of the award, must be by appealing to the summary jurisdiction of the court to set aside the award or by bill in equity. The rule was departed from in that state because the subject could not be reached by any equity power. It was so expressly held in the Supreme Court of New York, on the strength of the English authorities following a previous course of decision in their own state, in *Butler* v. *The Mayor of New York*, 1 *Hill* 489. This decision was indeed reversed in the Court of Errors of that state, and the rule was there thus arbitrarily changed, but upon no principle or authority deduced from the common law, as will be obvious from an examination of the opinions delivered on the review. (See 7 *Hill* 329). We are bound to receive the law as understood and established in our own state, and we see no reason or authority which would justify us in following such new course of adjudication. It was said, in a subsequent case in New York, when the court felt bound to follow the rule, as laid down by the higher court, that it was at least doubtful whether the new doctrine, thus introduced, would exert a wholesome influence. *Per Bronson, C. J.*, 4 *Denio* 199.

The cases of *Hough* v. *Harker*, 2 *Halst.* 428, and *Mitchel* v. *Stavely*, 16 *East* 58, might at first sight appear to conflict with the doctrine just propounded, but may be distinguished. In both these cases the arbitrators refused to consider a part of the matters distinctly submitted to them. Suit being brought on the arbitration bond, this defence was raised by plea and sustained on demurrer, the award being held void, because the arbitrators had not taken upon themselves the burthen of the arbitrament conformably to the submission. The evidence to support such defence is not to contradict the award or to show fraud

or misconduct or other error in regard to any thing actually considered by the arbitrators : it is received simply in order to show that after notice matters in controversy the arbitrators neglected or refused to take such matters into consideration.*

The parol testimony was so far improperly admitted, but as the court gave judgment for so much of the award as was good on its face, it seems to be no ground for reversal. The Common Pleas, on the whole case, arrived at a proper conclusion, and we think the judgment ought to be affirmed.

Judgment affirmed.

CITED *in Rogers* v. *Tatum*, 1 *Dutch.* 282; *Hoagland* v. *Veghte*, 1 *Vr.* 518; *Buckman* v. *Ransom*, 6 *Vr.* 571; *Veghte* v. *Hoagland*, 3 *Stock.* 45.

6. To a plea, in an action on a cashier's bond, that the cashier had made and ex-ecuted his promissory note, payable, &c., in full satisfaction and discharge of all moneys, &c., unaccounted for, which said note the company had accepted

---

* *Query*, whether this defence may not be raised under the plea of *no award*. See *Fisher* v. *Pimbley*, 11 *East* 193; *Gisborne* v. *Hart*, 5 *M. & W.* 50; *Dresser* v. *Stansfield*, 14; *Ib.* 822; *Watson on Awards* 361. In *Dresser* v. *Stansfield* it was held that a plea, that the arbitrator had not awarded on all the issues in a cause referred to him was bad on special demurrer, unless with a traverse that there was no award of and concerning the premises.