CLARK W. BROOKS, PLAINTIFF-RESPONDENT, v. PENN-
SYLVANIA MANUFACTURERS' ASSOCIATION INSUR-
ANCE COMPANY, DEFENDANT-APPELLANT.

Argued March 20, 1973—Decided May 7, 1973.

*Mr. Robert N. McAllister, Jr.,* argued the cause for appellant (*Messrs. Valore, McAllister, Aron and Westmoreland,* attorneys).

*Mr. Frederick R. Grayer* argued the cause for respondent (*Messrs. Kent and Grayer,* attorneys).

PER CURIAM. While driving a vehicle in the course of his employment, plaintiff was injured in a collision with an uninsured motorist. Plaintiff made a claim under an uninsured motorist clause in a liability policy issued to his employer by the defendant carrier. In accordance with terms of the insurance policy, the matter went to arbitration. Plaintiff challenged the arbitrator's award on the motion to enter judgment upon the award. The award called for a credit with respect to moneys plaintiff might thereafter receive under his claim pending in Pennsylvania for workmen's compensation benefits. The trial court struck the provision for the credit. The Appellate Division affirmed. 121 *N. J. Super.* 51 (1972). We granted certification. 62 *N. J.* 193 (1973).

Plaintiff's claim exceeded the policy limit of $10,000 under the uninsured motorist's clause. The arbitrator deducted $1,479.43, previously paid, and that deduction is not questioned. The controversy is over the balance of $8,520.57. The award is challenged as to its provision that

"A credit shall be allowed for the present value of all amounts payable in proceedings presently pending in the Workmen's Compensation Courts of the Commonwealth of Pennsylvania, the exact amount of which is presently unknown, but which will be determined when a final determination in the Pennsylvania proceedings has been made."

The uninsured motorist clause of the policy provided that the amount payable thereunder shall be reduced by

"the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law."

The arbitrator's award did not find the present value of the sum payable for workmen's compensation benefits and could

not for the reason that plaintiff's workmen's compensation proceeding was then pending, as it still is.[1]

The Appellate Division held the provision we just quoted "refers only to amounts which have been paid or are fixed or determinable at the time of the award," 121 *N. J. Super.* at 61, and since there was no compensation award or judgment in being, there could be no credit. Plaintiff presses that view and contends also that the clause is invalid in any event under the law of Pennsylvania where the policy was issued, the contract of employment was made and performed, where the accident occurred, and where the compensation proceeding is pending.

We do not think the carrier's liability under the clause should depend upon whether a compensation proceeding has or has not reached judgment before the arbitrator decides the issue of credit. Nor do we believe payment under the uninsured clause should be delayed until the compensation claim is adjudged. If it is assumed the provision for crediting compensation recovery is valid, the reasonable course is to require payment under the clause at once, giving the liability carrier an appropriate interest in the compensation proceeds. Our difficulty here is that the law of Pennsylvania should be applied (the only New Jersey contact is plaintiff's residence here), and the legality of the credit provision under Pennsylvania law is disputed. Plaintiff says, and defendant denies, that *Rhodes v. Automotive Ignition Co.*, 218 *Pa. Super.* 281, 275 *A.* 2d 846 (Super. Ct. 1971), is dispositive. We ought not decide an issue of foreign law if the issue can be left to that jurisdiction, as can readily be done in this case.

The judgment of the trial court in favor of plaintiff in the sum of $8,520.57 is affirmed and that sum is payable forthwith, with the proviso, however, that such sum as plain-

---

[1] The defendant carrier happens also to be the carrier with respect to the workmen's compensation liability. That coincidence has no impact on the issue before us.

tiff may receive as workmen's compensation in Pennsylvania up to a maximum of $8,520.57 (less a pro rata share of the costs and expenses incurred by plaintiff in obtaining the compensation award) shall be held in trust by plaintiff and be paid over to defendant, but provided further that if it is held in Pennsylvania that this trust provision conflicts with the law or public policy of the State of Pennsylvania, the trust provision shall fall away or be modified to conform with Pennsylvania law.

We add that we have not considered the validity of the workmen's compensation credit provision under New Jersey law. Annotation, 24 *A. L. R.* 3d 1369 (1969).

Subject to the modification stated above, the judgment is affirmed.

*For affirmance and modification*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL, MOUNTAIN and SULLIVAN, and Judge CONFORD—7.

*For reversal*—None.