159 N.J. Super. 402 (1978)
388 A.2d 265
KEARNY PBA LOCAL #21, AN UNINCORPORATED ASSOCIATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TOWN OF KEARNY, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT, AND TOWN OF KEARNY ET AL, PLAINTIFF-APPELLANT,
v.
KEARNY PBA LOCAL #21, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1978.
Decided May 23, 1978.
*403 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Norman A. Doyle, Jr. argued the cause for appellant Town of Kearny.
Mr. David Solomon argued the cause for respondent Kearny PBA Local #21 (Messrs. Schneider, Cohen & Solomon, attorneys; Mr. Martin List, of counsel and on the brief).
*404 PER CURIAM.
The Town of Kearny appeals the trial judge's confirmation of an arbitrator's award in favor of respondent Kearny PBA Local #21 in consolidated actions in which the Policemen's Benevolent Association (PBA) sought confirmation of the arbitration award and the town sought vacation of the award.
Arbitration[1] was provided for in the collective bargaining agreement between the town and the PBA as the union representing the police officers. The facts presented in the arbitration proceeding were contained in undisputed exhibits and by way of stipulation. The essential facts are thus undisputed. The arbitrator awarded overtime pay to all of the policemen of the Kearny Police Department when, because of a "job action" by other town employees, the police chief directed that all members of the department were "to remain on a standby basis until further notice, and are not to leave the Town of Kearny." This standby status lasted during the period from 8:40 p.m. on Monday, October 11, 1976 through noon, Friday, October 15, 1976. The directive required policemen residing outside the town to remain within the municipality during this period rather than to return home if they resided outside the town. There was no proof before the arbitrator or the trial judge as to the number of resident and nonresident policemen or where any nonresidents lived. Policemen residing within the town could under the order go home and any place within the town limits but were prohibited from leaving the town. The order did not provide for leaving the town even with the permission of the police chief. Violation of the directive would presumably have subjected the offending police officer to disciplinary action.
In arbitration the PBA's position was that being required to remain within town limits after regular working hours meant they were on duty continuously during the entire *405 period the directive was in effect, and thus entitled them to overtime pay. Among other points, the town argued, was that (1) no officer on standby had actually been called in to work during the emergency period; (2) because a provision for overtime pay for standby time had been rejected during negotiation of the then effective contract, the members of the PBA were not entitled to standby pay; and (3) the award would result in unlawful payment of public employees for work not performed,[2] contrary to the no work  no pay rule.
The proposal requested by the PBA, but rejected in the contract negotiations, provided:
* * * where an employee is required to be on standby at home for Court or any other reason, he shall be compensated * * * at the appropriate overtime rate * * *.
The arbitrator agreed that the PBA should not be permitted to obtain through arbitration what it could not achieve at the bargaining table. But, he said that the rejected contract proposal for compensation for standby pay at home was less restrictive than the standby directive issued by the police chief. It is true that although the contract proposal sought overtime for "standby at home," the directive precluded those living outside the town from even going home. The arbitrator then found, without differentiating between residents and nonresidents, that this directive placed a greater burden on the freedom of movement of all police officers. Thus, he reasoned that an award of overtime pay under the directive would not be granting the same type of compensation rejected during the contract negotiations. Under his award all police officers were to be *406 paid for 55 hours and 20 minutes of overtime, whether sick, on vacation or whether or not they would have worked during all the hours. The award was based on a 24-hour tour, deducting an eight-hour normal tour of duty, for the period the directive was in force.
We recognize that the general rule favors upholding the validity of the award of an arbitrator. LaStella v. Garcia Estates, 66 N.J. 297, 303 (1975); Ukrainian Nat'l Urban Renewal v. Muscarelle, Inc., 151 N.J. Super. 386, 396 (App. Div. 1977). The scope of review in private sector arbitration has generally been limited to determining whether there exists any of the grounds for vacation of the award listed in N.J.S.A. 2A:24-8, whether or not a court might have found differently. See Daly v. Komline-Sanderson Engineering Co., 40 N.J. 175, 178 (1963); Ukrainian Nat'l Urban Renewal v. Muscarelle, Inc., supra (151 N.J. Super. at 396) and Carpenter v. Bloomer, 54 N.J. Super. 157, 168 (App. Div. 1959). We have applied that scope of review here. Compare Div. 540, Amalgamated Transit Union AFL-CIO v. Mercer Cty. Improvement Auth., 76 N.J. 245 (1978), which involved the scope of review in public sector arbitration under a compulsory arbitration statute.
We conclude that given his guiding standard under the statute the arbitrator "imperfectly executed" his powers by arriving at an award which is internally inconsistent. Therefore, the award must be vacated and modified in part. N.J.S.A. 2A:24-8(d).
The clearly expressed intent of the arbitrator was to compensate standby time which was more restrictive than that contained in the rejected contract proposal, which proposal was equally restrictive of residents and nonresidents in the sense that each category would have been required to be available at their respective homes. However, the directive's impact varied with the municipality of residency of each employee.
*407 Residents of the town could not only go to their homes but anywhere else within the town. Nonresidents were precluded from going home, and thus would have had to obtain temporary lodging within the town, although they could have gone anywhere within the town. As to residents, therefore, the directive was less restrictive than the contract proposal. The burden on nonresidents was significantly greater. We recognize that there was no proof as to how many policemen resided outside of the town, and likewise the work records were not before the arbitrator who, in order to determine the remedy, did so by "assuming that each and every member of the Department was to work a regular eight hour shift for each of the days in question."
The arbitrator had clearly expressed his aim not to allow a type of compensation which had been rejected during negotiations. Accordingly, it was inconsistent for him to award compensation for time involving lesser restrictions. As to nonresidents, however, the directive did impose greater restrictions. Hence the arbitrator's decision was consistent with his reasoning as to them. When the arbitrator's result is inconsistent with his intended purpose, a reviewing court may vacate the award on the ground of "failure of intent" resulting from a mistake of fact. Held v. Comfort Bus Line, Inc., 136 N.J.L. 640, 642 (Sup. Ct. 1948); and cf. Brooks v. Pa. Mfg. Ass'n Ins. Co., 121 N.J. Super. 51, 54-55 (App. Div. 1972), mod. 62 N.J. 583 (1973).
The invalid portion of the award is severable from the remaining portion which has not been shown to be deficient. Hoagland v. Veghte, 23 N.J.L. 92, 96 (Sup. Ct. 1851). Compare Leslie v. Leslie, 50 N.J. Eq. 103, 109-110 (Ch. 1892). We affirm the award as to nonresident policemen and modify it by vacating it as to the resident policemen. We find no merit in the other grounds asserted by the town to challenge the award. See R. 2:11-3(e) (1) (E).
The judgment below is affirmed to the extent that it confirms the arbitrator's award with respect to policemen *408 who reside outside the town; the judgment is reversed to the extent that it confirms the award as to policemen who reside within the town.
NOTES
[1] See N.J.S.A. 34:13A-5.3.
[2] Compare Springfield Tp. v. Pedersen, 73 N.J. 1, 6 (1977). We find Springfield inapposite. Here the arbitrator's award, which we deem unassailable by the Town of Kearny, was to the effect that the standby time directive, at least as to nonresidents, mandated that the employee be "on duty to perform work."