(651 P.2d 954)
No. 53,096

JOHN B. EGY, *Appellee,* v. UNITED STATES FIDELITY AND GUARANTY
COMPANY, *Appellant.*

Opinion filed October 7, 1982.

*Roger M. Theis* and *James B. Zongker,* of Render & Kamas, of Wichita, for appellant.

*Gerald W. Scott,* of Matlack, Foote, Scott, Joseph & Wilkinson, P.A., of Wichita, for appellee.

Before REES, P.J., SPENCER and MEYER, JJ.

REES, J.: Defendant appeals from a judgment requiring payment of benefits under the medical payments and personal injury protection (PIP) coverages afforded by an automobile liability insurance policy it issued to plaintiff. The case is a contract action stemming from the refusal by both defendant and a workers' compensation insurance carrier to pay benefits for cer-

tain medical expenses incurred and wage loss sustained by the plaintiff.

Plaintiff suffered bodily injury as the result of an automobile accident on September 12, 1979. He was hospitalized for two months following the accident and was unable to return to work until September, 1980. Prior to the accident, plaintiff was an employee of Holland Roofing Company (Holland); his earnings exceeded $650 per month. Hanover Insurance Company (Hanover) was Holland's workers' compensation insurance carrier. In the weeks following the accident, plaintiff served a claim for workers' compensation upon Holland and submitted to defendant a written claim for medical payments and PIP benefits. Acting and relying upon information Holland had terminated plaintiff's employment several days before the accident and giving that as its reason, Hanover refused to voluntarily pay compensation to plaintiff or to pay his medical bills. Acting and relying upon information plaintiff was in the course of employment by Holland at the time of the accident and giving that as its reason, defendant refused to pay plaintiff under its medical payments and PIP coverages. Each insurer was aware of the other's refusal and the reason given.

Concerning defendant's medical payments and PIP coverages, its policy states:

"We do not provide Medical Payments Coverage for any person:

. . . .

"4. For bodily injury occurring during the course of employment if workers' or workmen's compensation benefits are required or available for the bodily injury."

"[T]he Company's liability for personal injury protection benefits with respect to bodily injury . . . is limited as follows:

. . . .

"7. any amount payable by the Company under the terms of this coverage shall be reduced by the amount payable on account of such bodily injury under [the Workmen's Compensation Act of Kansas]."

The policy limitation on defendant's obligation to pay PIP benefits is in accord with that part of the Kansas Automobile Injury Reparations Act (no-fault act), K.S.A. 40-3101 *et seq.*, where it is stated:

"Except for benefits payable under any workmen's compensation law, which shall be credited against the personal injury protection benefits provided by [this Act], personal injury protection benefits due from an insurer or self-insurer under this act shall be primary and shall be due and payable as loss accrues . . . ." K.S.A. 40-3110(*a*).

On March 5, 1980, plaintiff filed with the Division of Workers' Compensation an application for hearing. By then, plaintiff had accrued medical expenses of approximately $15,000 and his wage loss, computed at $650 per month, amounted to $3,737.50.

On April 8 and 14, 1980, there was an evidentiary hearing before an examiner for the Division of Workers' Compensation on a preliminary hearing application by plaintiff under K.S.A. 44-534a. At the hearing, Hanover admitted notice of the accident but denied the relationship of employer and employee existed. Included among the issues framed by the examiner were the questions whether the relationship of employer and employee existed at the time of the accident and whether plaintiff's injury arose out of and in the course of his employment. The hearing resulted in the entry of an order on April 14, 1980, directing payment of temporary total disability compensation at the maximum allowable rate of $148 per week from March 8, 1980, the date of filing of plaintiff's application for hearing, until release by plaintiff's attending physician, and payment, on plaintiff's behalf, of the cost of medical treatment provided by plaintiff's attending physician after March 5, 1980.

Eight days later, on April 22, 1980, plaintiff filed his petition in the case before us. In it he claimed entitlement to payment of the $3,737.50 as wage loss benefits under defendant's PIP coverage and to payment of $6,000, attributable to the $15,000 in medical bills incurred up to March 5, 1980, as medical payments benefits under defendant's PIP and medical payments coverages. (The limits, coordination and combination of the two coverages are not disputed.) By its answer, defendant alleged plaintiff's claims were excluded from its coverages because plaintiff was entitled to workers' compensation benefits and Hanover's workers' compensation coverage was the exclusive coverage for payment of the work loss and medical expenses benefits claimed by plaintiff.

On October 31, 1980, the workers' compensation examiner ordered termination of plaintiff's temporary total disability compensation because plaintiff had obtained substantial gainful employment as of September 17, 1980. Plaintiff's entitlement to medical treatment by his attending physician, at the expense of Hanover, continued.

This case was tried to the court without a jury on December 8, 1980.

It is not disputed the quoted policy language relating to defendant's medical payments coverage is language of exclusion and, if applicable, it eliminates all liability under that coverage.

Similarly, it is not disputed the quoted language relating to defendant's PIP coverage is not language of exclusion. Defendant's position is that, because plaintiff's injury is compensable under our Workmen's Compensation Act, he is entitled to payment by Hanover for the disability he suffered and the medical expenses he incurred during the period from the accident date, September 12, 1979, to March 5, 1980. The effect is a reduction of plaintiff's entitlement to PIP medical expenses and wage loss benefits resulting in no liability of defendant for the particular losses for which claim is made. (There is no question presently involved as to PIP wage loss benefits attributable to plaintiff's wage loss unsatisfied by the payment of temporary total disability compensation; that obligation of defendant as it relates to the period from March 5, 1980, to September 12, 1980, has been settled by the parties.)

Excluding references to interest and attorney fees, subjects not in issue before us, the journal entry of judgment entered after trial reads:

"[T]he Court, after hearing [the] evidence and reviewing the court file, being fully and duly advised in the premises, finds:

"1. 'Payable' and 'available' as used in the automobile policy issued by defendant to plaintiff mean an employer or insurance company accepts coverage and is ready to make workers' compensation payments.

"2. When a workers' compensation insurance carrier and/or employer denies workers' compensation benefits and refuses to make payments, workers' compensation benefits are neither 'payable' nor 'available.'

"3. Plaintiff is entitled to receive Personal Injury Protection benefits, to include:

| | | |
|---|---|---|
| a) | Medical benefits | $2,000.00 |
| b) | Wage loss benefits | 3,737,50 |

. . . . Defendant is entitled to reimbursement and/or subrogation rights of Personal Injury Protection benefits if recovery is made under workers' compensation law.

"4. Plaintiff is entitled to receive Medical Payments benefits as follows:

| | | |
|---|---|---|
| a) | Vehicle # 1 | $2,000.00 |
| b) | Vehicle # 2 | 2,000.00 |

. . . . .

"IT IS, THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that judgment be and is hereby entered in favor of the plaintiff, John B. Egy, and against the defendant, United States Fidelity & Guaranty Company, in the amount of $9,737.50 . . . ."

Oral statements of the trial judge preliminary to the preparation and approval of the journal entry had included the following:

"The Court construes the term 'payable' to mean adjudicated and available. The term 'payable' in a lawsuit where it's highly contested in a workman's compensation case where a denial is made that the claimant comes under it as a workman is excluded because he was a private contractor I do not hold as payable. 'Payable' means it is available to pay your hospital bill; otherwise, a tremendous interest rate develops and grows.

. . . .

". . . I am holding that the defendant will have subrogation rights, will have a judgment back against the plaintiff, on any excess that he receives from injuries from the workman's compensation case. If he receives several thousand dollars excess as his actual, proven injuries, that money will go back to the insurance company; otherwise, not."

Examination of the automobile policy reveals it affords bodily injury liability, property damage liability, medical payments, uninsured motorists, collision, comprehensive and PIP coverages. A general provision of the policy states that upon payment to the insured, the defendant is granted the right of subrogation to the insured's right to recover damages from another and the right to reimbursement from the insured if the insured recovers damages from another.

An endorsement to the policy states the policy provision granting subrogation and reimbursement rights does not apply to the medical payments coverage. The PIP endorsement to the policy provides that the defendant shall have rights of reimbursement, indemnity and subrogation in language of operative effect identical to K.S.A. 40-3113a. The PIP endorsement further recites its provisions supersede any conflicting provisions of the policy. The result is that under the policy the defendant has no rights of subrogation or reimbursement for benefits paid under the medical payments coverage and its rights of reimbursement, indemnity and subrogation for PIP benefits paid are only and exactly those granted by and as described in K.S.A. 40-3113a.

In the Workmen's Compensation Act it is directed that:

"No claim for compensation, or compensation agreed upon, awarded, adjudged, or paid, shall be assignable or subject to levy, execution, attachment, garnishment, or any other remedy or procedure for the recovery or collection of a debt, and this exemption cannot be waived." K.S.A. 44-514.

In short, and excepting only liens for attorney fees (K.S.A. 44-536; *Graham v. Elevator Co.*, 115 Kan. 143, 145-146, 222 Pac. 89

[1924]), workers' compensation can only be paid to the claimant and no creditor can reach workers' compensation paid, being paid or to be paid. (See, for example, *McGhee v. Sinclair Refining Co.,* 146 Kan. 653, 659-660, 73 P.2d 39 [1937].) The trial judge's order that "[d]efendant is entitled to reimbursement and/or subrogation rights of Personal Injury Protection benefits if recovery is made under workers' compensation law" is an order having no substance or vitality. Not only is it outside the policy terms and K.S.A. 40-3113a, it cannot be enforced. It is clear to us the immunity legislatively mandated for workers' compensation paid, being paid or to be paid cannot be stripped away by private agreement or judicial order. We know of no authority to the contrary.

The trial judge's decision that plaintiff was entitled to payment of benefits under defendant's medical payments coverage was not correct if the policy exclusion "[f]or bodily injury occurring during the course of employment if workers' . . . compensation benefits are required or available" was applicable. Under the facts of this case, the trial judge's decision that plaintiff was entitled to payment of benefits under defendant's PIP coverage was not correct if the policy provision limiting such benefits by reduction therefrom of "the amount payable on account of such bodily injury under [the Workmen's Compensation Act of Kansas]" was applicable.

If an injured party has a right to workers' compensation, it accrues at the time of the accident. K.S.A. 44-535; *Johnson v. Warren,* 192 Kan. 310, 313, 387 P.2d 213 (1963); *McGhay v. Eaton,* 146 Kan. 686, 688, 73 P.2d 15 (1937). Necessarily, liability for workers' compensation also arises at the time of the accident. Whether the relationship of employee and employer existed between the injured person and the purported employer at the time of the accident is a foundation question for resolution in determining entitlement to and liability for workers' compensation. *Davis v. Reed,* 188 Kan. 159, 163, 360 P.2d 847 (1961).

The relationship of plaintiff and Holland at the time of the accident was an issue permeating the trial. It was the principal disputed issue upon which evidence was adduced. While there was substantial evidence to the contrary, there was an abundance of evidence, including testimony of the plaintiff, to support a conclusion the relationship was that of employee and employer.

Defendant argues to us the facts establish plaintiff was and is entitled to workers' compensation and plaintiff argues to us defendant failed to sustain its burden to prove the relationship of plaintiff and Holland was that of employee and employer.

The trial judge made no specific finding on whether the relationship of plaintiff and Holland was that of employee and employer. His written findings were in the nature of a statement of controlling legal principles (see Supreme Court Rule 165, 228 Kan. lxxxi) given as the reason for his decision (see K.S.A. 60-252). Again, they were that " '[p]ayable' and 'available' as used in the automobile policy issued by defendant to plaintiff mean an employer or [workers' compensation] insurance [carrier] accepts coverage and is ready to make workers' compensation payments" and "[w]hen a workers' compensation insurance carrier and/or employer denies workers' compensation benefits and refuses to make payments, workers' compensation benefits are neither 'payable' nor 'available.' " These are the sole stated findings to support the judgment of the trial judge and his necessarily implicit decision that defendant's medical payments coverage exclusion and PIP benefits limitation do not avoid a present duty to pay. The findings cannot be construed to reflect a decision by the trial judge that plaintiff was not, or defendant failed to prove plaintiff was, an employee of Holland at the time of the accident. They are at least equally indicative of an implicit finding that the relationship of plaintiff and Holland was that of employee and employer.

If plaintiff's injury was personal injury by accident arising out of and in the course of his employment, it cannot be gainsaid the Workmen's Compensation Act and defendant's policy afforded him concurrent entitlement to benefits subject only to applicable exclusions and coordination, or primacy.

Our workmen's compensation and no-fault acts each undertake implementation of a policy of prompt payment of benefits. The Workmen's Compensation Act calls for the periodic payment of compensation (K.S.A. 44-512) and imposes an interest penalty if there is not just cause or excuse for failure to pay compensation prior to an award (K.S.A. 44-512b). It also provides for preliminary awards ordering payment of temporary total disability and medical compensation pending a full hearing on the claim. K.S.A. 44-534a(*a*). If workers' compensation benefits paid pursuant to a

preliminary award are found to have not been owed, the payer is made whole by reimbursement from the Workmen's Compensation Fund. K.S.A. 44-534a(*b*). The no-fault act calls for payment as the insured's loss accrues (K.S.A. 40-3110[*a*]), and overdue payments subject the insurer to the imposition of interest (K.S.A. 40-3110[*b*]) and possible liability for payment of attorney fees (K.S.A. 40-3111[*b*]).

The problem confronted here is determination of the duty and rights of this automobile liability insurer where its benefit payment responsibilities are dependent upon an unadjudicated fact, that is, whether its insured sustained a compensable injury under the Workmen's Compensation Act. In the event it makes payment later determined to have been outside its contractual duty, it has no right or ability to recoup from workers' compensation benefits subsequently paid, being paid or to be paid to or on behalf of its insured, which are duplicative payments to the insured for loss paid for by the insurer.

If the defendant's position is ultimately shown to be correct, then it should not be required to bear an expense it is not contractually obligated to bear. Plaintiff does not disagree. He says in his brief:

"[T]here is no question of duplication of payments. Duplication is prevented in the future by the court's order which allows subrogation of the district court award herein if those monies are obtained under the workers' compensation laws."

"The court's ruling when combined with the right of reimbursement or subrogation by the defendant if recovery is made under the workers' compensation law:

. . . .

satisfies the stated purpose of the Kansas Automobile Injury Reparation Act of immediate payment and maintains the primacy between workers' compensation benefits and Personal Injury Protection benefits. If workers' compensation benefits are payable under workers' compensation law, then those benefits will be paid under that law and not paid under the secondary Automobile Injury Reparation Act benefits."

The problem is that defendant cannot effect recoupment, the feature of the trial court judgment which, according to plaintiff, renders it just and equitable. Further, the trial court judgment does not purport to grant defendant rights to recover the benefits ordered to be paid under the medical payments coverage.

Whether plaintiff's injury was a compensable injury had not been adjudicated by any tribunal when this case was tried. The proceeding before the Division of Workers' Compensation, a

proceeding initiated by plaintiff prior to commencement of this case, was a pending, active, open case. The workers' compensation examiner had made a nonappealable, nonbinding preliminary finding that plaintiff's injury was a compensable injury (see K.S.A. 44-534a [a]) but no final award had been entered. On the evidence in the record on appeal and the arguments to us, the compensability of plaintiff's injury hinges solely on determination of the relationship of plaintiff and Holland at the time of the accident since it appears that if plaintiff was an employee the accident meets the other tests of compensability. Whether the relationship was that of employee and employer was not decided in the trial court. Despite the position of plaintiff that its resolution was unnecessary, it was a question raised by defendant and upon which there was evidence presented. If the relationship was not that of employee and employer, plaintiff's injury was not compensable.

We conclude that in the absence of Hanover's voluntary payment or agreement to pay, for workers' compensation to be "required or available" or "payable" the relationship of plaintiff and Holland at the time of the accident must have been that of employee and employer. Conversely, in the absence of Hanover's voluntary payment or agreement to pay, workers' compensation is not "required or available" or "payable" if the relationship of plaintiff and Holland at the time of the accident was not that of employee and employer.

We are satisfied and hold that as in cases where the existence of an agency relationship is in question, the existence or nonexistence of an employee and employer relationship is a fact question for decision by the factfinder, a jury or a trial judge sitting without a jury, upon application of the proper legal principles. See *Thurman v. Cundiff*, 2 Kan. App. 2d 406, 411-412, 580 P.2d 893 (1978); *George v. Bolen-Williams, Realtors*, 2 Kan. App. 2d 385, 388-389, 580 P.2d 1357 (1978). Whether the relationship of plaintiff and Holland at the time of the accident was that of employee and employer is a decision we cannot make.

Plaintiff makes some reference in his brief to a possible direct liability of Hanover to plaintiff. We need not go into the circumstances giving rise to that possibility. If it should occur that payment is received by plaintiff in satisfaction of such a direct liability, it would fall outside the scope of the recoupment rights

ostensibly granted by the trial judge. The matter is irrelevant to defendant's exclusion and limitation defenses which are the essential subject of this lawsuit. It is a matter that plays no part in this case.

Finding no Kansas authority, the parties have referred us to decisions from other jurisdictions which deal with interpretation of medical payments and no-fault insurance policy terms utilizing "payable," "required or available," or other comparable wording, in exclusion and limitation provisions related to workers' compensation. We have found others in our research. On the facts, the most analogous case we have reviewed is *Brooks v. Pa. Manufacturers Assoc. Ins. Co.*, 62 N.J. 583, 303 A.2d 884 (1973). No present worthwhile purpose is to be served by discussion of these various opinions. It is sufficient to observe there is a split of authority, and where payment is required by an insurer in the position of the defendant in this case it has been afforded the right of recovery against workers' compensation benefits to be realized by the insured. As we have found, that right is not and cannot be made available to the defendant here.

It appears there is no reported Kansas case authority addressing a claim in the nature of that presented to the trial judge in this case. He was called upon to plow a new furrow in Kansas law. However equitable his attempted resolution of the case may be, it is our decision it cannot stand.

The parties have presented their evidence. No need appears for another or further evidentiary hearing. Reargument before and reconsideration by the trial judge in the light of the views and conclusions we have expressed appears appropriate.

Plaintiff has asked us to award him attorney fees for services on appeal. That request is denied. We cannot find defendant's refusal to pay was without just cause or excuse under K.S.A. 40-256 or unreasonable under K.S.A. 40-3111(*b*).

Reversed and remanded for further proceedings in the trial court in accord with the views expressed herein.