No. 53,096

JOHN B. EGY, *Appellee*, v. UNITED STATES FIDELITY AND GUARANTY
COMPANY, *Appellant*.

(661 P.2d 1239)

Opinion filed April 29, 1983.

*Roger M. Theis*, of Render & Kamas, of Wichita, argued the cause and *James B. Zongker*, of the same firm, was with him on the brief for appellant.

*Gerald W. Scott*, of Matlack, Foote, Scott, Joseph & Wilkinson, P.A., of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: The defendant, United States Fidelity and Guaranty Company, appealed from an adverse decision in district court which granted judgment to plaintiff for benefits under the medical payments and personal injury protection coverages afforded by his automobile insurance policy. The Court of Appeals reversed the decision of the district court and remanded the case for further proceedings. We granted review of that decision, reported at 8 Kan. App. 2d 144, 651 P.2d 954 (1982), pursuant to K.S.A. 20-3018(*b*).

As determined by the Court of Appeals, the question of the liability of the defendant for payments under the policy was dependent upon a factual determination of whether the plaintiff John B. Egy, at the time he suffered injury in an automobile accident, was an employee of Holland Roofing Company, and therefore entitled to workers' compensation benefits. This threshold factual question was not decided by the district court and the Court of Appeals directed the case be remanded for the trial court to make the necessary factual determination.

A careful review of the record convinces us the Court of Appeals reached the correct result in this case. However, the

untimely death of the trial judge, the Hon. James V. Riddel, Jr., precludes the necessary factual findings based solely upon the record. Therefore, we affirm the decision of the Court of Appeals, reverse the judgment of the district court and remand the case for a full evidentiary hearing on the factual determination of whether the plaintiff was an employee of Holland Roofing Company at the time he received his injuries on September 12, 1979, and for further proceedings consistent with the factual findings.

IT IS SO ORDERED.

HERD, J., not participating.