In re Sylvia DELGADO, Debtor.

ARKANSAS VALLEY STATE
BANK, Appellant,

v.

Sylvia DELGADO, Appellee,

Kansas Bankers Association,
Amicus Curiae.

No. 91–3190.

United States Court of Appeals,
Tenth Circuit.

June 26, 1992.

Richard V. Foote, Matlack, Foote & Swenson, Wichita, Kan., for appellant.

Thomas C. Clarkson, Wichita, Kan., for appellee.

Charles N. Henson, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., submitted a brief on behalf of amicus curiae.

Before BALDOCK and SETH, Circuit Judges and BRIMMER, District Judge.[*]

BALDOCK, Circuit Judge.

At issue in this appeal is whether a bank's security interest in a certificate of deposit (representing proceeds from a lump sum workmen's compensation settlement) is enforceable under the Kansas statute prohibiting assignment of workmen's compensation benefits, Kan.Stat.Ann. § 44–514 (1986).[1] Debtor received an $18,000 lump sum workmen's compensation settlement which she placed in a certificate of deposit maturing in five years. As part of the same transaction, Debtor took out a loan[2] and (1) granted the Bank a security interest in the certificate, and (2) assigned the certificate as collateral.[3] The district court affirmed the bankruptcy court's order denying the Bank relief from the automatic

---

[*] The Honorable Clarence A. Brimmer, Jr., Chief United States District Judge for the District of Wyoming, sitting by designation.

**1.** Kan.Stat.Ann. § 44–514 (1986) provides:

**Payments not assignable.** No claim for compensation, or compensation agreed upon, awarded, adjudged, or paid, shall be assignable or subject to levy, execution, garnishment, or any other remedy or procedure for the recovery or collection of a debt, and this exemption cannot be waived.

**2.** Part of the proceeds of the loan were used to pay Debtor's existing indebtedness and purchase

credit life insurance. Remaining proceeds were deposited in Debtor's checking account.

**3.** Various relevant security agreements provided in pertinent part:

Security: You are giving a security interest in: Assignment of Certificate of Deposit # 17922 in the amt. of $18,000.00 drawn on the Arkansas Valley State Bank payable to Sylvia Delgado or John Gilbert Delgado. (Maturity 7/15/92).

A "Collateral Assignment" form provided in pertinent part:

In consideration of a loan made to the undersigned by the Arkansas Valley State Bank

stay because the certificate of deposit represented proceeds of a workmen's compensation award protected by the state exemption statute. Our jurisdiction arises under 28 U.S.C. § 158(d) and we affirm.

On appeal, the Bank argues that neither its security interest evidenced by the security agreement nor the Debtor's assignment of the certificate of deposit represent an assignment as contemplated by the exemption statute. The Bank renews its contention that "[t]he statute declaring void an assignment of workmen's compensation prohibits only assignments of compensation made prior to the time the employee receives the money." Applt.Br. at 8. Amicus Kansas Bankers Association similarly argues that the exemption statute "does not prohibit voluntary assignments of benefits made to secure new loans to the worker after the benefits are received by the worker." Amicus Br. at 2. Both the Bank and amicus urge us to follow *Highland Park State Bank v. Salazar*, 555 S.W.2d 484 (Tex.Civ.App.1977), in which the court interpreted a similar exemption provision[4] "as prohibiting only assignments of the compensation made prior to time that the employee receives the money." 555 S.W.2d at 487.

The *Highland Park* court reasoned that if the Texas provision was given its literal meaning, an injured employee could never assign or transfer the money, even to purchase necessities. *Id.* at 487. Even if the Texas provision was given its literal meaning, however, the court determined that the pledge involved created a lien which differed from a prohibited assignment *Id.* at 488. The court viewed "a lien [as] merely

a charge on property while an assignment creates an interest in property." *Id.* at 488. Thus, a mere lien on the savings account was effective where an assignment would not have been.

The Bank fully recognizes that the exemption statute prohibits involuntary taking of identifiable workmen's compensation funds by judicial process, i.e. judgment, levy, execution, garnishment, and attachment. *McGhee v. Sinclair Refining Co.*, 146 Kan. 653, 73 P.2d 39, 43 (1937). *See generally* C.B. Higgins, Annotation—*Construction and Effect of Statutory Exemptions of Proceeds of Workmen's Compensation Awards* § 9 (1970 & 1991 Supp). The statute also extends to private agreements. *Egy v. United States Fid. & Guar. Co.*, 8 Kan.App.2d 144, 651 P.2d 954, 958 (1982) ("It is clear to us [that] the immunity legislatively mandated for workers' compensation paid, being paid or to be paid cannot be stripped away by private agreement or judicial order."), *aff'd*, 233 Kan. 234, 661 P.2d 1239 (1983). The statute does not place a limitation on the type of assignment involved: "[n]o ... compensation ... paid[ ] shall be assignable or subject to ... any other remedy or procedure for the recovery or collection of a debt."

The Bank has a perfected security interest in the certificate of deposit (an instrument) by virtue of its security agreement and possession. *See* Kan.Stat.Ann. §§ 84–9–105, 84–9–304 (1991 Cum.Supp.). It also has a security interest by virtue of the assignment. *See* Kan.Stat.Ann. § 84–9–102(2). We decline to follow *Highland Park* for two reasons. First, while the Texas provision addresses "compensation

... the undersigned hereby assigns and pledges to said Arkansas Valley State Bank ...

Certificate of Deposit # 17922 in the amount of $18,000.00

as collateral security for said loan. In the event said loan or any extension or renewal thereof is not paid in accordance with its terms, the undersigned hereby authorizes said Arkansas Valley State Bank to apply said funds on deposit in said ... Certificate of Deposit to the payment of the balance due

including interest, costs attorney's fees and other charges.

4. Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (West 1986) provides in pertinent part:

All compensation allowed under the [Workmen's Compensation Act] shall be exempt from garnishment, attachment, judgment, and all other suits or claims, and no such right of action or no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void.

allowed," Tex.Rev.Civ.Stat. art. 8306, § 3, the Kansas provision expressly includes "claim[s] for compensation, or compensation agreed upon, awarded, adjudged or *paid*," Kan.Stat.Ann. § 44–514 (emphasis added); *see also Egy*, 651 P.2d at 958. Thus, the Kansas provision defines compensation as including the actual payments and nowhere is there a limitation that the exemption applies only to security interests or assignments entered into *before* the compensation is actually paid. In this case, we have an actual written assignment and security agreement in workmen's compensation funds held in a certificate of deposit; we need not speculate about the limits of the exemption provision vis-a-vis negotiating the proceeds to purchase necessities or other nonmonetary assets.

Second, whether we call it a security interest, a conditional assignment or an assignment for security, the Kansas statute not only precludes assignment in unqualified terms, but also "any other remedy or procedure for the recovery or collection of a debt." Thus, reaching the compensation paid to collect on this debt is barred even if the assignment is for security and subsequent to receipt of the compensation. We agree with the bankruptcy court that we cannot write into the Kansas provision a limitation which would cause it to apply only to absolute assignments. This would be inconsistent with interpreting extant workmen's compensation provisions in favor of their protective purpose. *See Thuillez v. Yellow Transit Freight Lines*, 187 Kan. 618, 358 P.2d 676, 679 (1961).

Be that as it may, we recognize that Debtor will receive a windfall by recovering the certificate of deposit funds after having spent the loan proceeds which have not been repaid. To avoid such a situation, a bank would need to inquire concerning the source of funds which will serve as security for a loan. In this case, though, the Bank was fully aware that the workmen's compensation award was placed in the certificate of deposit which served as security. By structuring the transaction so as to control the compensation funds before extending credit to its long-time customer, the Bank took a risk. Eliminating that risk, however, is the province of the Kansas legislature.

AFFIRMED.