FRED J. BROTHERTON, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LESTER A. KREIELSHEIMER, TRADING AS DELESON STEEL COMPANY, DEFENDANT-APPELLANT.

LESTER A. KREIELSHEIMER, TRADING AS DELESON STEEL COMPANY, PLAINTIFF-APPELLANT, v. FRED J. BROTHERTON, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 1, 1951—Decided October 22, 1951.

*Mr. Dominick F. Pachella* argued the cause for appellant (*Messrs. Pachella & Chary*, attorneys).

*Mr. Milton T. Lasher* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J.   An arbitration award was set aside and vacated by the court below "for misbehaviors upon the part of the arbitration board which were prejudicial to the rights of the parties to the arbitration agreement." The propriety of that disposition is challenged here, the cause having been certified upon our own motion.

Brotherton, Inc., had two contracts with the Great Neck Board of Education for the construction of two high school buildings in Long Island, one known as the Lakeville School and the other as the Kensington School.   Previously it had entered into a contract with the United States Government for the construction of several hospital buildings to form part of the Roosevelt Hospital at Peekskill, New York.   Brotherton is a building contractor; Kreielsheimer is a steel subcontractor.   They entered into three separate contracts covering each of the above situations and all three became the subjects of litigation.

The cases were consolidated and, at a pretrial conference, on the court's suggestion, the parties agreed to arbitrate.   An arbitration agreement and order were thereupon prepared and executed by the respective litigants and approved by the court.   After a determination by the arbitration board, a motion was made by Brotherton, Inc., to vacate the award and a counter-motion by Kreielsheimer to confirm it.   The award was set aside and that decision is the basis of this appeal.

The agreement and order for arbitration, amongst other things, contained the following terms and conditions:

"3. The said arbitrators shall meet at the times and places in New Jersey that shall be mutually arranged by them and their attorneys herein and shall proceed expeditiously to hear testimony upon the matters involved until the same has been concluded and within five days after the conclusion of the taking of testimony, the said arbitrators shall sign and acknowledge their award which shall be prepared in quadruplicate and shall deliver two copies thereof to each of the attorneys herein.

4. * * * no decision shall be reached without the knowledge of and except in the presence of all three arbitrators.

5. Said arbitrators shall be authorized to make such examination of the premises involved as they may deem necessary and proper provided that all three of them shall be present at the time or times thereof."

The court's conclusion in part was based upon the fact that the arbitrators, on two occasions, met in the State of New York while the arbitration agreement provided they should meet in New Jersey; that one of the arbitrators talked with one of the litigants concerning the use of derricks on the job and brought out the fact that two derricks instead of one were used; and that one of the arbitrators went alone to the site of the construction which gave rise to the litigation, contrary to the provision of the arbitration agreement "that all three of them shall be present at the time or times thereof."

The appellant argues the respondent was estopped from moving to vacate the award as the respective attorneys for the parties knew the arbitrators were holding conferences outside of the State and the irregularities complained of either did not exist or were not prejudicial, relying upon *American Central Ins. Co. v. Landau*, 62 *N. J. Eq.* 73 (*Ch.* 1901); *Central Union Stock Yards Co. v. Uvalde Asphalt Paving Co.*, 82 *N. J. Eq.* 246 (*Ch.* 1913); *Hewitt v. Lehigh & Hudson River Ry. Co.*, 57 *N. J. Eq.* 511 (*Ch.* 1898); *Hartwyk v. Monroe Calculating Machine Co.*, 13 *N. J. Super.* 160 (*Ch. Div.* 1951), holding the rule to be that if a party to an arbitration agreement has grounds to revoke the submission, he must exercise his right to revoke promptly; he cannot

experiment and wait to ascertain whether the award is favorable and, if it proves to be unfavorable, then assert his right to revoke. He cites also *Held v. Comfort Bus Line, Inc.,* 136 *N. J. L.* 640 (*Sup. Ct.* 1948); and *International Ass'n. of Machinists v. Bergen Ave. Bus Owners Ass'n.,* 3 *N. J. Super.* 558 (*Law Div.* 1949), holding in substance that to justify the court in setting aside an award, fraud or other ground of impeachment must ordinarily be made by clear, strong and convincing evidence.

We think there is merit in the appellant's contention that the conferences held outside the State were not in violation of the arbitration agreement since they occurred after all of the testimony had been taken at meetings held within the State and in the presence of the arbitrators, the parties involved and their attorneys. There was no provision in the articles prohibiting the arbitrators holding further meetings amongst themselves to consider the evidence submitted, and the attorneys, knowing of these conferences, by their conduct acquiesced in their being held outside of the State and cannot complain.

We reach an opposite conclusion, however, as to the other grounds upon which the award was set aside and are in accord with the determination of the court below. There is ample evidence to indicate that one of the arbitrators conversed with one of the litigants about the number of derricks used on the construction job and this conversation, reported to another of the arbitrators, admittedly influenced the latter's decision in making the award.

The obligation of arbitrators, like that of jurors, is to act fairly and impartially and to determine the cause upon the evidence adduced before them at the hearing. They have no right to consider facts excepting as submitted in the evidence at the hearings and it is misconduct for them to seek outside evidence by independent investigation. An arbitrator acts in a *quasi*-judicial capacity and must render a faithful, honest and disinterested opinion upon the testimony submitted to him.

■ The visit of one of the arbitrators to the site of the construction job is not disputed. When queried about it, he said: "Quite naturally I did. I wanted to know what was being talked about and I had to form an opinion of it. I drove up there and drove into the grounds just like anyone else would." This violated the specific provision of the arbitration agreement that examination of the premises might be made only if all three arbitrators were present. It is immaterial whether he learned any new or additional facts as a result of his visit. *Saffir v. Wilson,* 100 *N. Y. S.* 2d 263 (*Sup. Ct. N. Y.* 1950); *Horowitz v. Kaplan,* 162 *N. E.* 519 (*N. Y. Ct. of App.* 1928).

■ The violation of the agreement, however innocently conceived, constitutes misconduct for which the award will be set aside, even though it is the unanimous award of three arbitrators under a submission requiring but a majority award. 3 *Am. Jur., sec.* 142, *p.* 964.

The respondent, on his motion to vacate the award in the court below, alleged other improprieties in the action of the arbitrators, including the failure to sign and acknowledge their award and deliver it to the litigants' attorneys within the five-day period stipulated in the agreement. The merits of these need not be considered because of our decision to affirm for the reasons already expressed.

The cautious approach by the learned judge below, his serious consideration and obvious reluctance to rescind the award, bespeak his conscientious concern and the care with which he weighed the factual developments as evidenced by the testimony. We find nothing in the record that would justify us in coming to an opposite conclusion.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.