**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1267-19T4

ASPHALT PAVING SYSTEMS,
INC.,

      Plaintiff-Appellant,

v.

ASSOCIATED ASPHALT
PARTNERS, LLC, and
ASSOCIATED ASPHALT
TRANSPORT, LLC,

      Defendants-Respondents.

_____

Argued October 15, 2020 – Decided November 16, 2020

Before Judges Ostrer, Accurso, and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0978-16.

Colin G. Bell argued the cause for appellant (Hankin Sandman Palladino Weintrob & Bell, attorneys; Colin G. Bell, on the briefs).

Kathleen F. Beers argued the cause for respondents (Westmoreland Vesper Quattrone & Beers, attorneys; Kathleen F. Beers, on the brief).

PER CURIAM

Plaintiff Asphalt Paving Systems, Inc. appeals from an order denying its request to vacate an arbitration award entered in favor of defendants Associated Asphalt Partners, LLC and Associated Asphalt Transport, LLC. Plaintiff contends the court erred by failing to find there was an appearance of impropriety concerning the arbitrator that required vacation of the award under N.J.S.A. 2A:23B-23(a)(2). Based on our review of the record, we are convinced plaintiff failed to sustain its burden of establishing evident partiality of the arbitrator requiring vacation of the award under N.J.S.A. 2A:23B-23(a)(2), and plaintiff otherwise waived its right to challenge the award under the statute by failing to assert its claim prior to its receipt of the unfavorable arbitration award. We therefore affirm.

I.

The facts and procedural history are well-known to the parties and have been previously summarized in our decision on plaintiff's initial appeal, Asphalt Paving Systems, Inc. v. Associated Asphalt Partners, LLC, (Asphalt Paving I), No. A-5487-15 (App. Div. Oct. 19, 2017), and in our decision on plaintiff's appeal from the court's order following the remand hearing we ordered in Asphalt Paving I, Asphalt Paving Systems, Inc. v. Associated Asphalt Partners,

LLC, (Asphalt Paving II), No. A-5730-17 (App. Div. Aug. 7, 2019). We restate the pertinent facts to provide context for our discussion of plaintiff's arguments.

In 2012, defendants sold plaintiff asphalt emulsion, which was delivered in two tankers. The tankers remained on plaintiff's property while plaintiff used the emulsion as needed. The tankers were stolen from plaintiff's property, and defendants filed suit claiming plaintiff was responsible for the loss of the tankers.

With the assistance of a mediator, the parties resolved their dispute and reached a settlement requiring that plaintiff provide defendants with replacement tankers. The parties agreed to submit any disputes arising under the settlement agreement to binding arbitration, and they agreed the mediator would serve as the designated arbitrator for any disputes submitted to arbitration.

A dispute between the parties arose and was arbitrated. Plaintiff later alleged that as the arbitration ended, the arbitrator asked the parties and their counsel, "What would be the result if I determined the agreement is too

ambiguous to enforce?"  Plaintiff also alleged that, in response, defendants' counsel replied, "I will tell you what happens.  You get sued for malpractice."[1]

It is this exchange between the arbitrator and defendants' counsel that is at the center of plaintiff's claim the arbitration award, which was subsequently rendered by the arbitrator and was unfavorable to plaintiff, should be vacated. At the time it occurred, however, plaintiff did not object to the exchange, make any comments concerning it, or request the recusal or disqualification of the arbitrator based on any alleged appearance of impropriety or evident partiality. Instead, plaintiff opted to await the issuance of the arbitrator's written arbitration award—which was unfavorable to plaintiff—to file a complaint and order to show cause requesting vacation of the award in accordance with N.J.S.A. 2A:23B-23(a)(2). Plaintiff claimed the award was secured by undue means. See Asphalt Paving I, slip op. at 7.  More particularly, plaintiff alleged defendants' counsel threatened legal action against the arbitrator, and, in response, the arbitrator ruled in defendants' favor. See ibid.

The trial court rejected plaintiff's request to vacate the arbitration award based in part on the court's personal knowledge of the arbitrator. See ibid. We

---

[1] We note that defendants' counsel at the arbitration is not their counsel of record on this appeal.

A-1267-19T4

determined the court erred by relying on its personal knowledge of the arbitrator, and we found there were factual issues as to "whether [defendants' counsel] made a material threat against the arbitrator and, if so, whether such threat influenced [the arbitrator's] decision." Ibid. We reversed the court's order, remanded for an evidentiary hearing, and found it unnecessary to address plaintiff's remaining claims at that time. Id. at 8.

The remand hearing was conducted by a different judge, who found that at the conclusion of the arbitration, the arbitrator posed the following question to the parties: "What would be the result if I determined the agreement is too ambiguous to enforce?" Asphalt Paving II, slip op. at 4. The court further found that in response, defendants' counsel stated, "[W]ell, you'll get sued." Ibid. (alteration in original).

As we explained in Asphalt Paving II, the trial court noted defendants' counsel described the exchange as "banter" and "witticism," and testified that when it occurred, "[he] was laughing, [and] so was" the arbitrator. Id. at 5 (alterations in original). The court found the exchange "wholly inappropriate" and "unsuitable behavior that calls into question the very quality and professionalism of [the] proceedings." Ibid. (alteration in original). However, the court determined it was "clear from the testimony that [the arbitrator] did

not view [defendants' counsel's] comments as a threat, but rather something said in jest and made in response to [the arbitrator's] own ill-chosen question." Ibid. (first and second alterations in original). The court also found defendants' counsel's statement did "not constitute a 'material threat,'" and the exchange was not "of such a nature that it affected [the arbitrator's] decision-making process." Ibid. (alteration in original). The court concluded plaintiff did not sustain its burden of demonstrating undue influence requiring vacation of the arbitration award.

The court did not address plaintiff's claim that the award should be vacated due to an alleged appearance of impropriety. The court determined the argument had not been raised on plaintiff's initial appeal and was not addressed in our decision in Asphalt Paving I. The court found our remand was limited to consideration of whether defendants' counsel threatened the arbitrator and, if so, whether the threat affected the arbitrator's decision. Asphalt Paving II, slip op. at 5-6.

Plaintiff moved for reconsideration, arguing the court erred by finding plaintiff had not previously raised its appearance of impropriety claim. Id. at 6. The court agreed it mistakenly found plaintiff had not raised the claim, and the court noted plaintiff asserted the claim during the proceeding before the first

6

judge. The remand court, however, declined to address the issue based on its conclusion our remand order did not authorize it to do so. Ibid. The court denied the reconsideration motion.

On plaintiff's appeal from the remand court's orders, we affirmed the court's rejection of plaintiff's claim the award should be vacated because it was procured through undue means. Id. at 14. We found the court's findings defendants' counsel's statement was "made in jest, did not constitute a threat and did not affect the arbitrator's decision-making on the matters at issue at the arbitration" were supported by "substantial credible record evidence." Ibid. We remanded, however, for the court to consider and decide plaintiff's claim that the arbitration award should be vacated due to an alleged appearance of impropriety resulting from the exchange between defendants' counsel and the arbitrator. Ibid. We explained plaintiff had raised the issue before the first judge and the remand court, but the issue had never been addressed or decided. Id. at 14-15. We remanded to provide the trial court with the opportunity to consider the issue in the first instance. Id. at 15.

On our second remand, the court considered plaintiff's appearance of impropriety claim and rejected plaintiff's reliance on an appearance of impropriety standard. The court determined the award could be vacated in

7

accordance with N.J.S.A. 2A:23B-23(a)(2) only upon a showing of "evident partiality" and concluded plaintiff failed to sustain that burden. The court found the record was bereft of evidence defendants' counsel's statement had any impact on the arbitrator's decision. The court also determined the arbitration award provided an in-depth analysis of the evidence and arguments of the parties, and the record lacked any evidence the arbitrator's decision reflected "evident partiality." The court entered an order denying plaintiff's request to vacate the arbitration award. This appeal followed.

II.

A trial court's decision to confirm or vacate an arbitration award is "a decision of law" that we review de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013) (quoting Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We first reject plaintiff's assertion the remand court did not comply with our directive that it address plaintiff's argument that the arbitration award should be vacated due to a purported appearance of impropriety. Plaintiff claims the

court ignored the remand directive by rejecting its reliance on the appearance of impropriety standard and applying the evident partiality standard under N.J.S.A. 2A:23B-23(a)(2). We are not persuaded.

Plaintiff misinterprets our decision in Asphalt Paving II and misstates the nature of the remand. Plaintiff's argument is founded on the erroneous premise that our remand constituted a determination the appearance of impropriety standard controlled the disposition of the issue. We did not make that determination and our remand was not so limited. In Asphalt Paving II, we noted plaintiff's argument that there was an "appearance of impropriety" requiring "vacation of the arbitration award," and found that argument had not been addressed by the trial court in the first instance or following our initial remand. Slip op. at 14. We remanded for the court to address plaintiff's argument, and we expressly stated our decision did "not constitute an opinion on the merits, if any, of the claim and [was] not intended to define or limit the procedure the court shall employ for the resolution of the claim." Id. at 15.

In Asphalt Paving II, we did not direct that the court accept plaintiff's argument concerning the applicable standard, and we reject plaintiff's attempt to convert our decision into a holding on an issue that was not before us and which we did not decide. Our remand order required only that the court consider

A-1267-19T4

plaintiff's argument, and that is precisely what the court did. We therefore discern no basis to find the court failed to honor our directive that it consider plaintiff's argument that an appearance of impropriety requires vacation of the arbitrator's award. Cf. Jersey City Redev. Agency v. Mack Props. Co. No. 3, 280 N.J. Super. 553, 562 (App. Div. 1995) (explaining remand courts have a "peremptory duty . . . to obey the mandate of the appellate tribunal precisely as it is written").

Plaintiff also contends the court erred by failing to vacate the award based on an appearance of impropriety allegedly created by the exchange between defendants' counsel and the arbitrator. Plaintiff avers the court erroneously rejected the appearance of impropriety standard as the benchmark upon which its request to vacate the award should be measured, and the court incorrectly concluded the exchange between defendants' counsel and the arbitrator did not result in an appearance of impropriety requiring vacation of the award.

"An arbitrator acts in a quasi-judicial capacity and must render a faithful, honest and disinterested opinion upon the testimony submitted to him [or her]." Barcon Assocs. v. Tri-County Asphalt Corp., 86 N.J. 179, 188 (1981) (quoting Fred J. Brotherton, Inc. v. Kreielsheimer, 8 N.J. 66, 70 (1951)). Arbitrators are granted broad powers to subpoena witnesses and evidence and decide issues of

10

fact and law, and "the determinations of arbitrators are given collateral estoppel effect by reviewing courts." Id. at 187 (citation omitted). In Barcon, the Court observed that arbitrators are granted "extensive powers subject to judicial review limited to" the statutory grounds permitting vacation of an arbitration award. Id. at 187-88. The Court explained that "[a] necessary corollary of the fact that arbitrators function with the support, encouragement and enforcement power of the state is the requirement that they adhere to high standards of honesty, fairness and impartiality." Id. at 188.

In its discussion of an arbitrator's authority, the Court in Barcon cited to the statutory authority of arbitrators found in the New Jersey Arbitration Act (Act), N.J.S.A. 2A:24-1 to -11, which was in effect at the time the arbitration agreement in that case was executed. Id. at 187-88. The Act "was amended, effective January 1, 2003," and the amendment was codified at N.J.S.A. 2A:23B-1 to -32. Van Duren v. Rzasa-Ormes, 394 N.J. Super. 254, 257 n.1 (App. Div. 2007) (citations omitted); see also L. 2003, c. 95, §§ 3(a) and 31. The amended Act governs all arbitration agreements made after January 1, 2003, other than those arising out of collective bargaining agreements. Ibid. at 257; see also N.J.S.A. 2A:23B-3. Both the old Act and the amended Act provide that an arbitration award shall be set aside upon a showing of evident partiality of

the arbitrator. Compare N.J.S.A. 2A:24-8(b) (providing a court shall vacate an arbitration award "[w]here there was . . . evident partiality . . . in the arbitrators, or any thereof"), with N.J.S.A. 2A:23B-23(a)(2) (providing a court shall vacate an arbitration award if it "finds evident partiality by an arbitrator").

In Barcon, the Court affirmed a trial court order vacating an arbitration award rendered by a tri-partite panel because a panel member's business dealings with a party to the arbitration constituted "evident partiality" under N.J.S.A. 2A:24-8(b). 86 N.J. at 182-83. The Court found evident partiality was established because the panel member "was engaged in business dealings with and was owed substantial sums by" a party to the arbitration, id. at 191, and the Court concluded the "relationship create[d] too great an appearance of partiality to be permitted," ibid.

The Court in Barcon did not adopt what plaintiff characterizes as an appearance of impropriety standard as the benchmark for determining if an arbitration award should be vacated under N.J.S.A. 2A:24-8(b). Instead, the Court relied on the statute's plain language requiring vacation of an award on a showing of "evident partiality." N.J.S.A. 2A:24-8(b). For example, the Court explained a party-appointed arbitrator that "approach[es] the arbitration proceeding with . . . sympathy for the position of the party designating him [or

her]" does not possess evident partiality requiring vacation of an award under the statute, as long as the arbitrator "remain[s] faithful to the obligation which rests upon him [or her] to maintain 'broad public confidence in the integrity and fairness of the [arbitration] process.'" 86 N.J. at 190 (fifth alteration in original) (citation omitted). Thus, what might be argued to be an appearance of impropriety—an arbitrator's sympathy for a party to the arbitration proceeding—does not by itself establish the evident partiality requiring vacation of an arbitration award under N.J.S.A. 2A:24-8(b). Ibid.; see, e.g., Arista Mktg. Assocs., Inc. v. Peer Grp., Inc., 316 N.J. Super. 517, 532 (App. Div. 1998) (finding "[t]he mere fact that a party-designated arbitrator discloses a prior relationship with the party will not necessarily disqualify the arbitrator").

In Barcon, the court explained arbitrators are required to "avoid . . . actual partiality" and "the appearance of partiality." 86 N.J. at 189 (citation omitted). The United States Supreme Court has similarly declared that "any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias." Commonwealth Coatings Corp. v. Cont'l Cas. Co., 393 U.S. 145, 150 (1968).

The Court in Barcon quoted with approval the trial court's finding that "the law simply cannot allow any judicially enforceable arbitration proceeding

to be anything other than an impartial proceeding which has appropriate appearances of impartiality." 86 N.J. at 191 (quoting Barcon Assocs. v. Tri-County Asphalt Corp., 160 N.J. Super. 559, 570-71 (Law Div. 1978)). Consistent with that standard, the Court established the requirement that arbitrators disclose "any relationship or transaction that he [or she] has had with the parties or their representatives as well as any other fact which would suggest to a reasonable person that the arbitrator is interested in the outcome of the arbitration or which might reasonably support an inference of partiality." Id. at 192.

Plaintiff sought vacation of the arbitration award under N.J.S.A. 2A:23B-23(a)(2), which was adopted following the Court's decision in Barcon, but which incorporates the evident partiality standard as a basis for vacating an arbitration award. L. 2003, c. 95, § 23; see also Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 372 N.J. Super. 503, 505 n. 1 (App. Div. 2004) (explaining N.J.S.A. 2A:23B-23 "retains" the evident partiality standard set forth in N.J.S.A. 2A:24-8(b)). A party seeking to vacate an arbitration award pursuant to N.J.S.A. 2A:23B-23(a)(2) must prove the evident partiality of the arbitrator by a preponderance of the evidence under the Barcon standard. Del Piano, 372 N.J.

Super. at 509. A determination concerning "evident partiality can be decided only on the facts of each case." Barcon, 86 N.J. at 191.

The record supports the remand court's determination that plaintiff failed to sustain its burden of establishing evident partiality of the arbitrator requiring vacation of the arbitrator's award under N.J.S.A. 2A:23B-23(a)(2). Plaintiff's evident partiality claim is based on the premise that the exchange between defendants' counsel and the arbitrator constituted a threat which caused the arbitrator to have a personal interest in the outcome of the arbitration. That premise is undermined by the trial court's findings on our initial remand. After considering the evidence, the first remand court determined defendants' counsel's statement to the arbitrator was not a threat and the statement was understood by the arbitrator as being made "in jest." See Asphalt Paving II, slip op. at 4-5.

Plaintiff offers no basis to revisit those factual determinations, which we have affirmed. Id. at 8-9. The findings require rejection of plaintiff's claim the exchange resulted in actual partiality by the arbitrator. See Barcon, 86 N.J. at 189. Plaintiff cannot establish actual partiality of the arbitrator because the first remand court found as a matter of fact the exchange did not affect the arbitrator's decision-making process. Asphalt Paving II, slip op. at 5.

A-1267-19T4

The record also does not support a finding of an appearance of partiality constituting evident partiality under N.J.S.A. 2A:23B-23(a)(2). The facts determined by the first remand court do not support either an inference of partiality or a finding that a reasonable person would perceive the arbitrator as interested in the outcome of the arbitration. See Barcon, 86 N.J. at 192. Again, plaintiff's appearance of partiality claim is founded on a purported threat the remand court determined was not a threat at all. An inference of partiality cannot be logically based on a purported threat that has been found as fact not to have been a threat but instead constituted nothing more than a statement made in jest.

Plaintiff's inaction when the challenged exchange took place further confirms that despite its current arguments to the contrary, it did not perceive or consider defendants' counsel's statement to the arbitrator as a threat of any kind. Plaintiff's post-arbitration-award indignation and outrage concerning the exchange, and its present contention that the exchange was of such an outrageous nature that any reasonable person would have recognized it as establishing the arbitrator's evident partiality, see ibid., is unconvincing. If defendants' counsel's statement would have "suggest[ed] to a reasonable person that the arbitrator [had become] interested in the outcome of the arbitration

16

or . . . reasonably support[ed] an inference of partiality," ibid., plaintiff and its counsel would have objected or otherwise acted immediately.[2] Their failure to do so supports the conclusion that defendants' counsel's inappropriate, but innocuous, attempt at humor did not result in any actual partiality or, under the circumstances present, an appearance of partiality constituting evident partiality under N.J.S.A. 2A:23B-23(a)(2). Because plaintiff failed to establish either the actual partiality or appearance of partiality required to satisfy the Barcon standard for evident partiality, the remand court correctly determined plaintiff did not satisfy its burden for vacating the arbitration award. For that reason alone, we affirm the court's order from which plaintiff appeals.

There is an alternative, but equally dispositive, ground upon which we affirm. Plaintiff waived its right to claim the award should be vacated due to the alleged evident partiality of the arbitrator under N.J.S.A. 2A:23B-23(a)(2).

In Barcon, the Court found that where a party is aware of grounds supporting the claim an arbitrator on an arbitration panel should be disqualified based on alleged evident partiality, the party shall "object at that time" or "that party will be held to have waived any right later to object to the designation of

---

[2] We note that plaintiff's counsel of record at the arbitration is not its counsel of record on this appeal.

the arbitrator on [such] grounds." Id. at 195. The Court explained that the waiver rule "is simply a procedural rule of litigation necessary to avoid unfairness to the other party and waste of adjudicatory resources." Id. at 197. The Court further observed:

> It would be inequitable and wasteful to allow a party to withhold its objections until after the panel has rendered an unfavorable decision. While we do not condone arbitration awards made by a panel whose members are not impartial, we see a greater evil in permitting parties that are aware of grounds for objection to put the other party and the panel through the time and expense of arbitration proceedings before challenging the proceedings.
>
> [Ibid.]

The exchange between the arbitrator and defendants' counsel that plaintiff now claims resulted in the appearance of partiality of the arbitrator was immediately known to plaintiff and its counsel. The exchange took place in the presence of the parties and their counsel as the arbitration concluded. As noted, plaintiff did not object at that time, request that the arbitrator recuse himself, or in any other manner seek the disqualification of the arbitrator. Instead, plaintiff opted to silently await the arbitrator's decision, and it was only when plaintiff received an unfavorable award days later that it decided to claim the exchange required vacation of the award based on an alleged appearance of impropriety.

Plaintiff claims we need not address its delay in asserting its appearance of impropriety claim because we have previously held plaintiff was not required to first raise the issue with the arbitrator. Plaintiff relies on our statement in Asphalt Paving I that "[t]here [was] no requirement a party first seek the kind of relief sought here from the arbitrator before resorting to the court." Slip op. at 8. Plaintiff, again, misinterprets our prior opinion.

Our statement was not, as plaintiff contends, a declaration that plaintiff did not have an obligation to immediately raise its appearance of impartiality claim before the arbitrator, or that plaintiff did not waive the claim by delaying its assertion until it received the unfavorable arbitration award. Those issues were not before us on plaintiff's first appeal and, as we explained in Asphalt Paving II, plaintiff's appearance of impropriety claim had not been addressed by the trial court in either of the two prior trial court proceedings. Slip op. at 14-15. In other words, we did not address the merits of plaintiff's appearance of impropriety claim in our prior decisions because the claim had not been addressed by the trial court, and we remanded the case in Asphalt Paving II for that reason. See ibid.

Plaintiff also ignores the context in which we made the statement in Asphalt Paving I upon which it relies. In the paragraph of the decision in which

19

the statement is made, we addressed the trial court's "suggest[ion] plaintiff should have sought a modification of the award from the arbitrator," pursuant to N.J.S.A. 2A:23B-20, "before seeking relief from the court." Asphalt Paving I, slip op. at 8. N.J.S.A. 2A:23B-20 provides for the modification or correction of an arbitration award. Kimm v. Blisset, LLC, 388 N.J. Super. 14, 27 (App. Div. 2006). It does not provide for the relief sought by the plaintiff here—vacation of an award—which is available under N.J.S.A. 2A:23B-23. In Asphalt Paving I, we noted "[o]ur reading of [N.J.S.A. 2A:23B-20] differs from that of the trial court" and stated nothing more than a party is not required to first seek modification or correction of an award under that statute before seeking vacation of the award based on a claimed appearance of partiality under N.J.S.A. 2A:23B-23(a)(2). Slip op. at 8.

In Barcon, the Court determined that where a party believes there are grounds for the recusal or disqualification of an arbitrator based on evident partiality, the party must timely assert the claim, and cannot await an unfavorable outcome to do so. 86 N.J. at 197. A failure to assert the claim is "inequitable and wasteful" and constitutes a waiver. Ibid. As we explained in Arista Marketing, the Court in Barcon determined that "under the 'rule of waiver . . . adopted for these arbitration proceedings,' a 'timely objection'" to an

20                                                                    A-1267-19T4

arbitrator based on evident partiality "was one advanced before the [arbitrator] 'has rendered an unfavorable decision.'" 316 N.J. Super. at 530 (quoting Barcon, 86 N.J. at 197).

Here, plaintiff did not timely assert its claim. It waited until the arbitrator's decision was rendered and, as noted, made its claim only after it received an unfavorable award. Under these circumstances, plaintiff waived its claim that the arbitration award should be vacated based on the arbitrator's purported evident partiality, and, for that reason we also affirm the court's order denying plaintiff's request to vacate the award pursuant to N.J.S.A. 2A:23B-23(a)(2).

Any arguments made in support of plaintiff's appeal that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

21